[S. F. No. 6181.   Department Two.—December 6, 1913.]

## ROBERT B. ROSEBERRY, Respondent, v. EDWARD F. NIEHAUS & COMPANY (a Corporation), Appellant.

NEGLIGENCE—PERSONAL INJURY BY FALLING OF PILE OF LUMBER—CONTRIBUTORY NEGLIGENCE.—Where one goes upon premises of other persons to see to the removal therefrom of a boiler purchased by his employer, and while he is following a truck, as it leaves the premises loaded with the boiler, a pile of lumber falls upon him, the question of his contributory negligence in going near the lumber, in view of the fact that he had seen the men piling it and observed that the work was not done in a safe way, is for the jury.

ID.—DANGEROUS PREMISES—CHOICE OF ROUTE IN LEAVING.—The fact that, instead of following the truck, in leaving the premises, he could have left the place safely by stepping through the defendant's office, did not, as a matter of law, make him guilty of contributory negligence in walking behind the truck.

ID.—FORGETFULNESS OF DANGER—WHETHER CONSTITUTES NEGLIGENCE.—Forgetfulness of a known danger will not always operate to prevent recovery of damages by a person who is injured.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

J. S. Reid, for Appellant.

J. K. Johnson, for Respondent.

MELVIN, J.—Plaintiff was injured by the falling of lumber which had been piled on the premises of defendant.   He was awarded damages in the sum of two thousand dollars. The defendant appeals from this judgment and from an order denying its motion for a new trial.

The plaintiff was employed as a stationary engineer by Messrs. Poetsch and Peterson, tanners.   About the eleventh day of April, 1909, he went with Mr. Poetsch to examine a boiler which the corporation now defendant herein had for sale at its premises.   They met Mr. Niehaus, one of the officers of

the corporation, and after some talk Mr. Poetsch purchased the boiler, together with certain fittings. On April 21, 1909, workmen were sent with a truck to the premises of the defendant to detach the boiler from its place and to remove it to the factory of the new owners. Plaintiff was sent by his employers to see that everything properly appertaining to the boiler and purchased by them should be brought away from the place of business of Edward F. Niehaus & Co. The work of dismantling the boiler was not to be done by plaintiff, but by one Odermatt, who had been hired for that purpose by Poetsch & Peterson. Plaintiff went to defendant's place of business, met Mr. Niehaus, and together they indicated to Odermatt and his helpers the pipe and fittings which were to go with the boiler. The boiler was loaded upon a truck at the rear of a gangway opening on Brannan Street. Mr. Niehaus had left plaintiff, and later plaintiff started to depart from the premises but stopped to converse with a friend. He then went to the office to say good-bye to Mr. Niehaus, but not finding him, turned in the door to leave when he saw the loaded truck starting out by the gangway leading to Brannan Street. He waited for the truck to pass, and then walked behind the men who were following it. Before he reached the open gate the lumber fell upon him, broke his leg and inflicted other serious injuries.

Appellant's counsel make numerous contentions, the principal ones being that plaintiff knew of the dangerous condition of the pile of lumber and was guilty of contributory negligence in going near it, and that having finished his business and having been allowed ample time to leave the premises he became a trespasser or at most a mere licensee, to whom defendant owed no duty of furnishing a safe passageway along the gangway to the street.

The first of these contentions is based partly upon the fact that just after entering the premises, in passing near the place where this lumber was being piled, he noticed defendant's workmen placing the boards parallel with the gangway instead of piling it with the ends toward the gangway. He said, in testifying, "I saw this defect. . . . I certainly say from my experience that I know that was not a safe way to do it."

Appellant's counsel insists that in going near a known danger he was guilty of negligence, and that the facts of this

case bring it within the rule announced in such cases as *Reynolds* v. *Los Angeles Gas & Electric Co.,* 162 Cal. 327, [Ann. Cas. 1913D, 34, 39 L. R. A. (N. S.) 896, 122 Pac. 962], *Davis* v. *California Street Cable Ry. Co.,* 105 Cal. 131, [38 Pac. 647] ; *Brett* v. *Frank & Co.,* 153 Cal. 274, [94 Pac. 1051], s. c. 162 Cal. 736, [124 Pac. 437], and *McGraw* v. *Friend etc. Lumber Co.,* 120 Cal. 574, [52 Pac. 1005]. But respondent asserts that the difference between those cases and this one lies in the circumstance that in each of those cases the court was discussing an obvious danger which was encountered by a person who had knowledge of its existence, but had carelessly forgotten it, while here the plaintiff was menaced by a hidden peril. We think the distinction is legitimate. While the plaintiff did consider that the lumber was not being piled in a manner that would satisfy a man of his experience, he subsequently saw the defendant, through its agents, permitting and inviting his fellow-servants to pass near it with a heavily loaded truck. It was for the jury to say, under all of the circumstances, whether the conduct of the plaintiff amounted to contributory negligence. The court instructed the jurors that if they found the existence of danger from the manner of piling the lumber was as much open to the observation of the plaintiff as to that of the defendant, their verdict should be in favor of the defendant. The instructions upon this phase of the case were very full. The jurors might well have thought that plaintiff's opinion of the piling of the lumber merely amounted to a criticism of the method of placing the boards parallel with the gangway instead of having the ends toward that passageway. There was some testimony that the vibration caused by the truck was largely responsible for the falling of the lumber, and of course plaintiff was not charged with full knowledge of the substance upon which the boards were piled and its liability to sway when a loaded vehicle should be driven along the gangway. He testified that he did not think of the lumber pile when he returned from the office and started to follow his fellow-servants to the street. Forgetfulness of a known danger will not always operate to prevent recovery of damages by a person who is injured. To forget is not negligence unless it shows a want of ordinary care. (*Giraudi* v. *Elec. Imp. Co.,* 107 Cal. 125, [48 Am. St. Rep. 114, 28 L. R. A. (N. S.) 596, 40 Pac. 108] ; *Jacobson* v. *Oak-*

*land Meat etc. Co.,* 161 Cal. 430, [Ann. Cas. 1913B, 1194, 119 Pac. 653].) Generally the question is one for the jury.

Numerous authorities are cited by appellant's counsel to fortify the rule that one who unnecessarily remains upon the premises of another may become a mere licensee or a trespasser, and also the rule that under certain circumstances one having business upon another's property must seek a safe rather than a dangerous passage to the street. There is no doubt regarding the rules announced, but we cannot say that in the present case the evidence showed either that the plaintiff was a trespasser or that he was negligent in trying to reach the street through the passageway that had just been used by Odermatt and the other workmen, instead of through the door opening from the office directly upon the street. All of these matters were presented to the jury very fully and were determined in favor of the plaintiff.

No other alleged errors require attention.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.