[L. A. No. 4094.   Department Two.—January 17, 1918.]

## W. S. WILLIAMS, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

NEGLIGENCE — EMPLOYER AND EMPLOYEE — ACTION FOR DAMAGES FOR PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—ERRONEOUS INSTRUCTION.—In an action by a laborer against a railway company for damages for personal injuries sustained by being thrown from a car on which he was working, as the result of the collision of a train of freight-cars, where the court instructed the jury that it was not contributory negligence on the part of the plaintiff to move from the part of the car on which he was working at the time of the impending collision to the end of the car in an effort to save his lunch or other property which he had left there, and that if in doing so the impact caused him to fall out of the car and he was thereby injured, the jury should find for the plaintiff, such instruction was erroneous and injurious to the defendant.

ID.—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.—The question of contributory negligence is one of fact for the jury to solve under proper instructions, save in those cases in which, judged in the light of common knowledge and experience, there is a standard of prudence, to which all persons similarly situated must conform.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. James W. Bartlett, Judge.

The facts are stated in the opinion of the court.

Frank Karr, R. C. Gortner, A. W. Ashburn, Jr., and W. R. Millar, for Appellant.

E. B. Drake, for Respondent.

MELVIN, J.—Plaintiff sued for and obtained a judgment against the corporation here appellant in the sum of twelve thousand five hundred dollars as damages for personal injuries. The defendant appeals from the judgment and from an order denying its motion for a new trial.

Plaintiff was a laborer engaged in shoveling gravel from a car on a side-track connected with the main line of defendant's railroad. Two other men were working with him in the car which was of the kind known as a "gondola," being open

at the top and having a floor sloping toward the sides in both directions from a central board which was two feet two inches from the upper edge of the car. At its deepest part the distance was four feet three inches from the floor to the upper edge of the car. Within the body of the car were a number of rods or braces connecting the sides with the sloping floor. The testimony regarding the amount of gravel in the car at the time of the accident given by Bowman, one of the men working with plaintiff, was that the gravel had been unloaded to a point about a foot and a half or two feet from the bottom of the car, and that Williams was standing on the gravel, and "not on the V-shaped center of the car." Lopez, the other co-laborer of plaintiff, corroborates this statement, adding that the braces were uncovered. When the freight-cars were backed down the siding and the gondola was struck, plaintiff was thrown to the ground and his left arm was so crushed by the car-wheels passing over it that amputation was necessary.

Williams had eaten a part of his luncheon early in the day, and had left the remaining portion of it near a corner of that end of the car which was afterward struck by the oncoming freight-car. He had no recollection, as he testified, of the events immediately preceding the accident, but both of his companions agreed that a warning was shouted by Lopez before the collision, and it was the theory of the defendant's counsel that plaintiff had been guilty of contributory negligence by moving from a place of comparative safety to the end of the car for the purpose of preventing his luncheon from being knocked to the ground. Bowman had sufficient knowledge of the approaching cars to brace himself by holding on to the edge of the gondola. He escaped injury. Lopez grasped one of the braces in the car and received only trifling injury. Lopez insisted that he merely cried "Look out!" but Bowman, upon cross-examination, said that the warning may have been, "Look out for your lunch!" and that version agreed with the signed statement given by him to defendant's agents immediately after plaintiff was injured. Bowman also stated that plaintiff was working just before the accident at a place where gravel could be thrown conveniently into a wagon which was beside the track near the middle of the gondola. The gondola was thirty-four feet long, and in his written statement Bowman had estimated that Williams was then ten feet from the end of the car from which he subsequently

fell, and Frank Winton, a witness called by plaintiff (as were Bowman and Lopez) said he saw Williams about the time of the collision. The plaintiff, he said, just before the impact of the moving cars, raised up, turned around, and made a step or two toward the end of the car from which he was precipitated. "Before the collision," said this witness, "he was facing east with his back toward the train of cars."

It will be seen from the foregoing that the question of the plaintiff's alleged contributory negligence was a very material one and the court instructed the jury accordingly, but appellant earnestly insists that one of the instructions was so erroneous that the giving of it was serious error. The instruction assailed by defendant was as follows:

"Although the jury may believe from the evidence that just at the time of the collision in controversy here the plaintiff may have started to get his lunch or other property which was on the end of the gondola in which he was working, and which he believed was in danger of destruction or harm, by reason of the impending collision, yet I charge you that if you shall further believe that at that time under the circumstances then and there existing he believed his said property was in danger of destruction, then it was not contributory negligence on his part while in the use of ordinary care to attempt to save his property, and if in doing so the impact of the car caused him to fall out of said car and he was thereby injured, then he would be entitled to recover herein and you should find for the plaintiff."

The jurors had been correctly instructed upon various phases of the subject of contributory negligence. For example, they had been told, in substance, that the existence or absence of contributory negligence is to be determined by a consideration of the surrounding facts and circumstances as they would then appear to an ordinarily prudent man in plaintiff's situation, and not by the facts which, as they may have developed subsequently, might show what would have been best for plaintiff. But the quoted instruction went far beyond this liberal and salutary rule and took the question of fact from the jurors, informing them that *as matter of law*, if plaintiff was forewarned of the accident and attempted with ordinary care to save his property, omitting possible measures for his own personal safety, he would not be guilty of contributory negligence. That is not the law. The ques-

tion of contributory negligence is one of fact for the jury to solve under proper instructions, and not one of law, save in those cases in which, judged in the light of common knowledge and experience, there is a standard of prudence to which· all persons similarly situated must conform. In such cases failure to reach that standard is contributory negligence as matter of law. But this case is, of course, not of that type. The facts were such that the jury and not the court should have decided whether or not plaintiff was contributorily negligent.

It has been held by this court that in deciding whether or not a plaintiff acted prudently, the jury may consider the fact that he attempted to escape from a train at the time of an accident and was injured, while those who made no such attempt were unhurt. (*Mitchell* v. *Southern Pacific R. R.* *Co.*, 87 Cal. 62, [11 L. R. A. 130, 25 Pac. 245].) The question involved in this case was exactly of the same character and should have been left, in like manner, to the jury.

There can be no doubt that the instruction as given was injurious to defendant.

The judgment and order are reversed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.*, concurred.

Hearing in Bank denied.