[Civ. No. 7347. First Appellate District, Division Two.—April 10, 1931.]

W. J. CHRISTY, Respondent, v. GEORGE J. ULRICH et al., Appellants.

L. R. Weinmann, W. E. Licking, E. J. Haward, T. B. Scott and L. B. Schlingheyde for Appellants.

Philip M. Carey, Marvin B. Sherwin, and Walter O'Connor for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for personal injuries. The state of California intervened as plaintiff's employer, but it was stipulated that but one award should be made and the cause went to trial before a jury. A ver-

dict for plaintiff was returned in the sum of $55,000 and the defendants appeal upon typewritten transcripts.

On October 18, 1927, plaintiff was acting under the employment of the state of California as resident engineer in charge of the construction of a state highway bridge across Los Positos Creek in Alameda County by the defendant Ulrich under a state contract. In the course of construction scaffolding and wooden runways were erected by the contractor to facilitate the construction of reinforced concrete pillars and "bents". These runways were made of planks approximately two inches thick and eight inches wide laid upon stringers about eight or ten feet apart. On the day stated, while plaintiff was inspecting the progress of the workmen in pouring the tamping concrete in "Bent No. 3", the "tamper" which was being used in that work broke. One of the workmen said that there was another tamper on the cross-runway at "Bent No. 2", and plaintiff volunteered to get this tamper for the workmen. He walked along the main runway to the cross-runway at Bent No. 2, picked up the tamper and returned to the main runway where one of the planks upon which he stepped gave way and precipitated him into the creek bed, causing the injuries complained of. It is plaintiff's case that the contractor was negligent in not having nailed this plank to the stringers; the defendants insist that the plaintiff was a mere licensee to whom they owed no duty except to abstain from wilful or wanton negligence, that the plaintiff was guilty of contributory negligence, and that the verdict is excessive.

The respondent was not a mere licensee. The work was being performed upon a public highway right of way; the respondent was a state employee assigned to the highway division of the state department of public works; his duties, at the time of the accident, were to inspect the work under construction, and, for this purpose, it was necessary for him to go upon the scaffolding and other portions of the work as it progressed. Immediately preceding the accident he was inspecting the pouring of concrete in "Bent No. 3". He saw that the tamper was broken and that the tamping of the concrete was not being done properly. He volunteered to get the workmen another tamper and was injured while returning with that implement. In this he may have been acting outside the scope of his employment,

but it must be remembered that he is not suing his employer in this action for injuries caused during the course of employment. He is resting his case on the negligence of the contractor. It is conceded that it was his duty to inspect all portions of the work, and the fact that he was voluntarily carrying a tool to the workmen while passing over the *main runway* does not alter his status as an invitee.

Many cases are cited by appellants to the general rule that "An employee who leaves that portion of his master's premises where his duties require him to be, and goes about *to his own convenience,* becomes a licensee." (*Kennedy* v. *Chase,* 119 Cal. 637, 641 [63 Am. St. Rep. 153, 52 Pac. 33, 35].) The cases are not in point. Generally they involve actions by employees against their employers and rest upon the general principle that the law should not impose liability upon the employer to provide safety at a point where the injured party was neither invited nor expected to go. (See *S. F.-Oakland Terminal R. R.* v. *Industrial Acc. Com.,* 180 Cal. 121 [179 Pac. 386].) But where the duties of the injured party are such as to require him to visit all portions of the premises, the employer, or the one in control of the premises, is bound to exercise reasonable care in reference to him and to those who are rightfully there. (*Pickwick* v. *McCauliff,* 193 Mass. 70 [8 Ann. Cas. 104, 78 N. E. 730, 731]; 20 R. C. L., pp. 62, 69.) Here the accident occurred upon the main runway over which the respondent was required to pass and repass in the performance of his duty in inspecting the work of construction. He was not on that runway upon any private business of his own, or from mere curiosity, or in violation of orders or instructions. He was there because his duties required him to be there. The fact that, at the moment of the accident, he was carrying a tool to the workmen does not change his status because this was in aid of the duties he had to perform. (20 R. C. L., p. 68.)

In this connection the appellants criticise the instruction reading: "The fact, if it be a fact, that this accident happened to the plaintiff while he was in the performance of an act not within the immediate scope of his duties as inspector on the job for the state of California, does not, under the law, by reason of that fact alone, prevent him from recovering damages in this case." There was no error

in the instruction so far as it went because if, under appellants' theory they would have been liable (under the circumstances stated in the instruction) only upon proof of gross negligence, then if such proof were sufficient, respondent would be entitled to recover and could not be denied that right *alone* by reason of the facts noted.

Upon the issue of contributory negligence there is some evidence that the respondent knew, or should have known, of the dangerous condition of the planking and from this it is argued that the respondent was guilty of contributory negligence as matter of law. At the most this evidence discloses that the respondent knew that some of the planks on the runways had not been properly nailed and that he had instructed the contractor to remedy this defect. But it also appears that, prior to the accident, the respondent had not known the plank from which he fell had not been securely fastened; and it is in the evidence as well that when he was injured he was walking along the runway in a careful and prudent manner. We are unable to say from the entire evidence that the case was not one upon which reasonable minds might differ, and when this is so the question of contributory negligence should be left to the jury. (*Williams* v. *Pacific Elec. Ry. Co.*, 177 Cal. 235, 237 [170 Pac. 423].) This is the proper practice even though the evidence discloses that the injured person entered a place of known danger. Such is the rule of *Meindersee* v. *Meyers*, 188 Cal. 498, 502, 503 [205 Pac. 1078], where it was held that, notwithstanding this knowledge or means of knowledge, it was for the jury to determine whether it was a want of ordinary care for the injured person not to have had the source of danger in mind. (See *Hayward* v. *Downer*, 65 Cal. App. 450, 451 [224 Pac. 265] ; *Oles* v. *Kahn Bros.*, 81 Cal. App. 76, 82 [253 Pac. 158].)

Finally it is argued that the verdict of $55,000 is excessive. The appellants concede the rule that an appellate court may disturb a verdict on this ground only when it appears as a matter of law that the verdict is the result of passion, prejudice or corruption on the part of the jury. They have not made the slightest effort to bring their case under this rule. They state that respondent's injuries were undoubtedly serious and that they have been unable to find any other case in this state where a verdict in this

amount has been upheld. But this is not sufficient. It is immaterial what verdicts have been sustained in other cases. Each cause is to be determined upon its own facts, and if the size of the verdict alone is relied on, we should have something more than lack of precedent before we would hold that that fact alone was sufficient to upset the judgment. It would serve no purpose to review the horrible picture of suffering which the accident has inflicted upon the respondent, or say that the evidence shows without contradiction that his injuries will be permanent, because it is not our function to determine that, *in our opinion*, the damages awarded by the jury are not incommensurate with the injuries sustained. As has been said heretofore our review on this question is limited to a determination whether the verdict returned was the result of passion, prejudice, or corruption on the part of the jury.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 9, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 8, 1931.

Langdon, J., excused from voting.