## CHAPMAN et al. v. COATES.
### No. 7611.

United States Court of Appeals for the District of Columbia.

Decided March 3, 1941.

Petition for Rehearing Denied April 14, 1941.

Cornelius H. Doherty, of Washington, D. C., for appellants.

James R. Murphy and L. G. Sasscer, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

MILLER, Associate Justice.

Warfield D. Coates was an employee of J. B. Kendall Company, as a helper upon one of the automobile trucks of that company. The Kendall Company rented space in a garage belonging to appellants. On the 14th day of May, 1937, at approximately 5 o'clock in the afternoon, the deceased, in company with three other employees of the Kendall Company, was standing in the garage between two parked Kendall trucks. The space in which he was standing was approximately five feet from the rear of one truck to the front of the other. At that time a truck belonging to appellants, and driven by one of their employees, was backed into the garage in such manner that it struck the forward Kendall truck and drove it against the rear Kendall truck with such force that the deceased was caught between the two and suffered injuries therefrom which resulted in his death. Suit was brought in the District Court to recover damages on account of his death. The jury found for the repre-

sentative of the deceased, who is the appellee on this appeal. The District Court denied appellants' motions for a directed verdict at the close of the plaintiff's case; for an instructed verdict at the close of all the evidence in the case; and to set aside the verdict and enter judgment for the defendants. Error is assigned for each of these three actions of the court, and also for the denying of three instructions offered by appellants at the trial. It is urged, also, that the verdict and judgment are without evidence to support them.

The Kendall Company's lease did not require its employees to come into the garage at any particular time of day or night, or go out at any particular time of day or night. It did not limit the time which they might spend in parking, repairing, washing, handling, or removing the trucks from the garage. The evidence showed that space in the garage was leased by at least one other company for storage purposes. The evidence also revealed that appellants maintained a manager, who had charge of the garage, and who actually guided and directed the driver of the truck on the occasion when he backed into the forward Kendall truck and killed deceased.

The contention mainly relied upon by appellants is that the deceased was a trespasser or, at most, a licensee, and, consequently, that the only duty owed by appellants was to refrain from wilfully or intentionally injuring him. The refusal of the court to give the three instructions which incorporated this concept constitutes one of the errors relied upon. This contention is based upon the fact that deceased, after the truck had been parked, had gone out to get a soft drink, which he had then brought back and drunk in the company of his fellow truckers; all of which had occurred during a period of a few minutes after their trucks had been brought into the garage. In our view, this occurred during a reasonable time within which the truck driver and his helper might make their arrangements for leaving the trucks. The fact that the helper had left the garage to go across the alley to procure a soft drink and had returned again to the garage, did not make him a trespasser or mere licensee. In our view, the trial court was correct in instructing the jury that the helper was entitled to a reasonable time to leave the garage and that what constituted a reasonable time was a question of fact to be determined by the jury. It is not necessary that the deceased should have been engaged in the work of his employer during all the time that he was with the truck,[1] provided that only a reasonable time elapsed after the parking of the truck and before the occurrence of the accident.[2]

Consequently, in our view, the trial court was not required to rule, or to instruct the jury, in the light of the evidence, that deceased was merely a trespasser or a licensee, or that appellants' duty was only that contended for by appellants. The evidence was sufficient to take to the jury, upon proper instructions, the question whether appellants' employee was negligent in the manner in which he backed the truck into the garage. The circumstances of the case are sufficient to support a verdict based upon the assumption that appellants' employee was negligent and that his conduct constituted a violation of the duty owed to the deceased by appellants.[3]

Affirmed.

---

[1] Pauckner v. Wakem, 231 Ill. 276, 281, 282, 83 N.E. 202, 204, 205, 14 L.R.A.,N.S., 1118.

[2] Roseberry v. Edward F. Niehaus & Co., 166 Cal. 481, 137 P. 232 (status as business visitor not lost merely because plaintiff remained on premises a short time to say goodbye); Clarkin v. Biwabik-Bessemer Co., 65 Minn. 483, 67 N.W. 1020 (even a bare licensee is permitted a reasonable time to leave the premises). Cf. Brigman v. Fiske-Carter Const. Co., 192 N.C. 791, 797, 136 S.E. 125, 128, 49 A.L.R. 773; Loney v. Laramie Auto Co., 36 Wyo. 339, 351, 255 P. 350, 353, 53 A.L.R. 73. Cf. also, Restatement, Torts (1934) § 343, comment c.

[3] Jackson v. Capital Transit Co., 69 App.D.C. 147, 148, 99 F.2d 380, 381, certiorari denied, 306 U.S. 630, 59 S.Ct. 464, 83 L.Ed. 1032; Tobin v. Pennsylvania R. R., 69 App.D.C. 262, 263, 100 F.2d 435, 436, certiorari denied, 306 U.S. 640, 59 S.Ct. 488, 83 L.Ed. 1040; Boaze v. Windridge & Handy, Inc., 70 App.D.C. 24, 25, 102 F.2d 628, 629. Cf. Danzansky v. Zimbolist, 70 App.D.C. 234, 237, 105 F.2d 457, 460.