[Civ. No. 13348. Second Dist., Div. Three. Jan. 30, 1942.]

FERN SOMMERFIELD, Respondent, v. FRANK MIR-
ATTI, JR. et al., Appellants.

Jennings & Belcher, Schauer, Ryon & McMahon, Louis E. Kearney and Robert W. McIntyre for Appellants.

W. P. Butcher and J. F. Goux for Respondent.

SHAW, J. pro tem.—The defendants Frank Miratti, Inc., a corporation, and Frank Miratti, Jr., appeal from a judgment in favor of plaintiff. At all times material here, the defendant corporation maintained and operated a hotel and the other defendant named was its president and general manager and resided in the hotel. In this hotel there was a stairway leading up from the main lobby floor to a mezzanine floor upon which was situated a ladies' rest room. The plaintiff, who was a business invitee of the defendants, ascended this stairway, went to the rest room, and on her return started down the stairs to the lobby. On the second step her feet slipped out from under her and she fell, sliding and bumping, to the bottom of the stairs, and thus received personal injuries for which she sued and recovered in this action. In her complaint she alleged that the defendants negligently caused the steps to be slippery and unsafe for use by waxing and polishing them. In addition to some denials the defendants alleged that the plaintiff was guilty of contributory negligence in her use of the stairs.

On this appeal the defendants do not deny the sufficiency of the evidence to show negligence on their part, so that matter need not be discussed. They make but two contentions: first, that plaintiff knew the condition of the stairway before and when she used it and for that reason she assumed the risk and was guilty of contributory negligence as a matter of law in using it; and second, that because of this contributory negligence the court should have directed a verdict for defendants. Our conclusion that the first contention cannot be sustained eliminates the second from consideration.

In support of their contention defendants cite and rely chiefly upon *Mautino* v. *Sutter Hospital Ass'n* (1931), 211 Cal. 556 [296 Pac. 76], where the court held that a nurse using a hospital floor which she knew to be waxed and slippery was guilty of contributory negligence as a matter of law. The nurse was not an employee, but an invitee, of the hospital, and, in stating the rule regarding the liability of the owner or occupant of land or buildings to an invitee, the court there used this language, upon which defendants rely, taken from another authority: ''An owner or occupant of land who by invitation, express or implied, induces or leads others to go upon premises for any lawful purpose is liable for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them. . . . The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. . . . There is no liability for injuries from the dangers that are obvious, or as well known to the person injured as to the owner or occupant.'' (211 Cal. 560-1.) It appeared from the testimony of the plaintiff in that case that she had been using the floor on which she fell for a day and part of the next day immediately prior to her fall, that during all that time she had noticed that the floor was so slippery that she could not keep her feet, and that she had complained of this condition to the head nurse. After stating this testimony, the court said, regarding the contributory negligence of plaintiff there: ''It is clear from the plaintiff's testimony that she had *full knowledge* of the condition of the floor. . . . It does not appear that the defendant's knowledge thereof was superior to that of the plaintiff. If it was negligence for the defendant to maintain the floor in the condition described by the plaintiff, there appears to be no escape from the conclusion that it was

negligence for the plaintiff, wi+h *full knowledge* of such condition, to continue in the use thereof.'' (211 Cal. 560. Emphasis ours.)

The evidence in the present case does not require us to hold, as a matter of law, that the plaintiff had *full knowledge* of the condition of the stairs at the time she fell, or that defendants' knowledge thereof was not superior to hers. The steps were made of red composition tile and had no carpet or other covering upon them. The whole surface was waxed and a new application of wax was made once a week. This was done by an employee of the corporate defendant, upon the order and under the supervision of the other appealing defendant, and this course of action had continued for a period of some 12 years immediately preceding the accident. The jury could properly infer from these facts that both appealing defendants had full and complete knowledge of the condition of the stairway at the time in question.

The plaintiff was familiar with the hotel and had used the steps many times during a period of four or five years before the date of the accident, and on these occasions she had always used the handrail and kept her eyes on the steps, but had never slipped on them. She had also then observed the condition of the steps; and on these occasions, as she testified, ''I knew the steps were slippery and that is why I used the handrail. Q. And you knew that at all the time previously, is that true? A. That is right.'' Nowhere does it appear how long before the accident her last previous use of the stairs and observation of this condition occurred. A considerable period of time may have intervened. The plaintiff had heard that three or four other people had also slipped on the steps. This she heard before her own fall, but how long before, or when these persons had fallen, is not shown. There is nothing in all this to compel a finding that plaintiff knew the stairs had, in past times, been so slippery that she could not, even by taking proper precautions, safely use them. Stairways in public places are quite frequently smooth and somewhat slippery, especially where they have no covering upon the treads, but the public are not for that reason required to use them at their own risk, regardless of the care exercised by them in such use, or the apparent possibility of using them safely by the use of proper care.

But even if plaintiff had observed or been informed that on previous occasions the stairs were so slippery as to

be unsafe for use, such knowledge on her part would not require her to expect that the situation would remain the same forever. She might properly assume that defendants, who were charged with the duty of exercising ordinary care for the safety of those whom they invited there (*Mautino* v. *Sutter Hospital Ass'n, supra; Tuttle* v. *Crawford* (1936), 8 Cal. (2d) 126, 130 [63 Pac. (2d) 1128]; *Dingman* v. *A. F. Mattock Co.* (1940), 15 Cal. (2d) 622, 624 [104 Pac. (2d) 26]), would in due time discover and remove any danger which she saw at any particular time (see *De Verdi* v. *Weiss* (1936), 16 Cal. App. (2d) 439 [60 Pac. (2d) 879]), especially a danger of this kind, which was not due to the plan or construction of the building, not easily changed, but merely to the manner of performing the periodical task of cleaning and caring for the building. In other words, knowledge of a condition existing at some unknown time in the past is not that "full knowledge" of a present condition which the plaintiff in *Mautino* v. *Sutter Hospital Ass'n, supra,* had.

 Regarding her knowledge of the conditions at the time of the accident and her conduct then, plaintiff testified that she went up the stairs, without slipping, and that she put her hand on the handrail as she started down, and was looking down at her feet. She was wearing at this time shoes with new crepe rubber soles, having a rough surface. To a question, "Did you realize at that time when you were going up—anything when you went up the steps to indicate that they were slippery?" she replied, "Only that they were very shiny and glossy and red." She further testified, "Q. Did your foot fly off of the step? A. Yes, it did . . . Q. Did you notice whether that was any more slippery, the condition of that step was any more slippery than any other steps that you had noticed on previous occasions, of these stairs? A. I did when my foot went out from under me. Q. And not before? A. No, sir." She also testified, "Q. Did you notice that the stairs were slippery when you went up there? A. I did not notice that they were slippery when I went up. I knew that they were slippery. Q. You knew that they were slippery? A. Yes, sir. Q. From past going up and down those stairs you knew that they were slippery, didn't you? A. Well, yes."

From all this testimony it was possible for the jury to find and in support of the verdict we must presume they did find that, while plaintiff knew these stairs had been slippery in

the past, the past condition was such that she could safely use them by putting her hands on the handrail, that on this occasion the stairs were more slippery than they had previously been but plaintiff did not notice this fact and it was not obvious to her on such inspection as a reasonably prudent person would make under the circumstances, and that she used ordinary care in attempting to use the stairs with the aid of the handrail and with rough crepe rubber soles on her shoes. Possibly the evidence would have supported contrary findings on some or all of these matters, but we cannot interfere with the jury's conclusions, based, as they are, on sufficient evidence. The mere fact that there is some danger of falling in using a passageway provided for the use of an invitee does not in every case convict him of contributory negligence for using it with knowledge of the condition. The question is whether he used ordinary care in so doing, and if to a man of ordinary prudence it would appear that in spite of the danger he can by taking available precautions safely use the passageway, he is not negligent in using it with those precautions. See *Christy* v. *Ulrich* (1931), 113 Cal. App. 338, 342 [298 Pac. 135]; *Roseberry* v. *Edward F. Niehaus & Co.* (1913), 166 Cal. 481 [137 Pac. 232]; *Tuttle* v. *Crawford, supra.*

 Defendants call attention to the fact that there was an elevator, of the passenger operated variety, which the plaintiff could have used in going from the mezzanine floor to the lobby and contends that since by so doing she could have avoided the danger of falling on the steps, the choice of the dangerous route instead of a safe one was itself negligence. A sufficient answer to this argument is that upon the finding (which we must presume the jury made) that the plaintiff had no reason to believe the stairs presented any danger which she could not avoid by using them as she did, the rule for which defendants contend is not applicable.

The judgment is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 30, 1942.