[Civ. No. 2914.   Fourth Dist.   Feb. 24, 1942.]

JOSEPHINE LEWIS IDEN, Individually and as Special Administratrix, etc., Appellants, v. ZEEMAN CLOTHING COMPANY, INC., (a Corporation) et al., Respondents.

N. C. Peters and R. Bruce Findlay for Appellants.

Donald A. Ruppe, C. W. Bowers, Joe Crider, Jr., Clarence B. Runkle and Stephen J. Grogan for Respondents.

WEST, J. pro tem.—The appeal herein was taken by plaintiffs from a judgment rendered in favor of the defendants. Following the institution of the appeal, the plaintiff and appellant, W. A. Iden, died, and Josephine Lewis Iden was appointed special administratrix of his estate, and was substituted in the action in such capacity. Plaintiffs instituted the action to recover damages for personal injuries sustained by plaintiff Josephine Lewis Iden, which were alleged to have been caused by negligence on the part of the defendants. Defendants by their answer denied that they were guilty of any negligence which had caused injury or damage to plaintiffs, and as an affirmative defense alleged that any injuries sustained by plaintiffs had been contributed to, directly and proximately by negligence upon the part of the plaintiff Josephine Lewis Iden.

Respondent M. J. Connell, Inc., was at the time of the accident the owner of a business building in the city of Los Angeles. Respondent Zeeman Clothing Company, Inc., was a tenant of the building and operated a retail clothing store on the fourth floor thereof. On February 6, 1939, plaintiffs, who were husband and wife, visited the Zeeman store for the purpose of purchasing merchandise. While in the Zeeman premises, Mrs. Iden had occasion to go to the ladies' rest room, which opened from a hallway proceeding through the center of the building. She procured a key, proceeded to the door of the rest room and unlocked the door. The floor of the rest room was $8\frac{1}{4}$ inches above the floor of the adjacent hallway, and the step was negotiated by a single rise, there being no intermediate step or landing between the two floor levels. The door from the hall into the rest room opened inward, the edge of the step being almost flush with the north wall of the hallway. Directly across the hall from the rest room door was located the salesroom of a business concern which had frosted glass windows in the partition facing the hall and through which some light entered the hall. Other illumination was afforded from a skylight located several feet along the hallway from the rest room door. The door also had a panel of frosted glass. Several light fixtures hung from the ceiling along the hallway, each fixture containing a 60 watt lamp. The cement floor and baseboard of the hall were gray in color. The plastered walls of the hall were cream or tan and the floor of the rest room itself was of neutral color. At the time of the accident the light in the

rest room was not lighted, and whether or not the ceiling lamps in the hallway were turned on was disputed. The sufficiency of illumination in the hall generally was also a point of contention.

Mrs. Iden proceeded safely into the rest room after unlocking the door, and stepping up to the elevated floor of the rest room from the hallway. Shortly thereafter, when she was ready to leave the rest room, she opened the door and fell into the hallway, sustaining serious injuries.

The case was tried before the court without a jury. Upon the conclusion of the trial, the court made findings that defendants were not guilty of negligence in the maintenance of the premises; that plaintiffs were guilty of negligence in that Mrs. Iden negligently failed to look where she was walking or stepping at the time that she fell, and judgment was duly entered in favor of the defendants.

Appellants contend that the findings of the trial court were not supported by the evidence. They contend that the premises where the accident took place were being maintained at the time of the accident in violation of the provisions of the municipal safety ordinance of the city of Los Angeles, and therefore defendants were guilty of negligence as a matter of law. They further urged that the evidence disclosed a failure on the part of respondents to provide sufficient illumination in the hallway adjacent to the door of the rest room, and finally, while conceding that appellant Josephine Lewis Iden momentarily forgot that it was necessary to step down from the rest room into the hall, that such momentary forgetfulness upon her part did not constitute negligence under the facts of the case.

Referring first to the last contention, appellants call attention to the case of *Giraudi* v. *Electric Improvement Company*, 107 Cal. 120 [40 Pac. 108, 48 Am. St. Rep. 114, 28 L. R. A. 596], where the rule is stated as follows:

"It is said that, if one was aware of a fact which should have put him upon his guard, he cannot rebut the presumption of contributory negligence by showing that he momentarily forgot it. This is true as a general proposition, but, like all other rules upon this subject, it must have a reasonable construction. To forget is not negligence, unless it shows the want of ordinary care, and it is a question for the jury."

The purport of the foregoing excerpt is that forget-

fulness of a known danger may or may not show want of ordinary care, and whether it does or not is a question of fact. The following cases enunciate the same rule: *Roseberry* v. *Edward F. Niehaus & Co.*, 166 Cal. 481 [137 Pac. 232]; *Oles* v. *Kahn Bros.*, 81 Cal. App. 76 [253 Pac. 158]; *Smith* v. *Southern Pacific Co.*, 201 Cal. 57 [255 Pac. 500].

The trial court found that appellants' conduct amounted to negligence which was the proximate cause of her fall and resulting injuries. In our opinion there was substantial evidence to support such finding. It is elementary that where there is evidence in the record giving substantial support to the finding under attack, an appellate court will not disturb such finding.

In view of what has just been said, there is no occasion to dwell on the contention of appellants that there was inadequate illumination in the hallway at the point where the fall took place. It is sufficient to observe that appellant admitted that she had no difficulty in finding her way to the door of the rest room, finding the keyhole and inserting the key therein, nor was there any evidence that she had any difficulty in determining that it was necessary for her to step up from the hallway to the rest room level. From all the facts the court found that the premises were not negligently maintained, and we are of the opinion that there was substantial evidence to support the finding.

In view of the foregoing, it is unnecessary to consider the application of the city ordinance of the city of Los Angeles respecting the maintenance of office buildings.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 23, 1942.