[Civ. No. 13944.   Second Dist., Div. Three.   Aug. 20, 1943.]

THOMAS H. McLAUGHLIN, Respondent, v. CITY OF LOS ANGELES, Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Leonard Husar and Bourke Jones, Deputies City Attorney, for Appellant.

William E. Empey for Respondent.

SHAW, J. pro tem.—Plaintiff, who was approximately 70 years old, was walking along Fair Avenue, an unimproved street in the San Fernando Valley section of the city of Los Angeles, slipped on the edge of a hole in the street and fell, receiving the injuries for which he brings this action against the city. The jury returned a verdict in his favor and from the ensuing judgment the defendant appeals.

Defendant states as its first proposition in support of its appeal: "As a matter of law, it is not unreasonable for the City of Los Angeles to maintain an unimproved dirt road without a sidewalk in an outlying undeveloped industrial district which is also devoted to some residential use." This proposition is irrelevant to the present case. Plaintiff does

not complain of the absence of a sidewalk, but of the presence of a hole. His action is to be sustained, if at all, upon the statute of 1923. (Stats. 1923, p. 675; Deering's Gen. Laws, 1937, Act 5619) providing that "municipalities . . . shall be liable for injuries to persons and property resulting from the dangerous or defective condition of public streets, highways . . .," on conditions of notice etc., which we do not quote because no contention is made here in regard to them. Under this statute a city is liable for injuries resulting from the dangerous or defective condition of a public street whether it is improved or unimproved. ▆▆ A city is under no obligation to improve its streets, but it is bound to keep them all in a reasonably safe condition; subject to the conditions stated in the statute. Of course the impact of this duty may vary with the nature and location of the street, the traffic upon it and the character of its improvements. No claim is made by defendant that Fair Avenue was not, at the time and place of plaintiff's accident, in a dangerous condition. It was an unimproved dirt road, on which there was a considerable amount of travel by loaded trucks, its surface was rutted and full of holes, many of which were a foot or more in depth, and after a rain these holes were full of water and so remained for some time. It had rained the day before plaintiff's accident and there was water in the hole in which he fell.

▆▆ The only other contention made by defendant is that plaintiff was guilty of contributory negligence as a matter of law. It appears without dispute that plaintiff had lived for several years on Fair Avenue about three blocks from the place where the accident occurred, that he had often passed this place during that time and was quite familiar with the conditions there. At the time of the accident he was on his way home from work and was carrying some groceries which he had bought at a market on the way. He could have gone from the market to his home by another route along improved streets on which there were sidewalks, but he says this other route was longer. His usual route home lay over Fair Avenue and he followed it at the time of the accident. Fair Avenue runs north and south and at the place where plaintiff fell it is bordered by a fence on the east side. Along this fence there is, according to plaintiff's testimony a strip of ground which is higher than the rest of the street and along which he could walk without any trouble even in time of rain. The accident occurred about 8:30 p. m., there were no street lights in the

vicinity, and it was dark, but clear. As plaintiff came by the fence he found an automobile parked where he could not pass between it and the fence and so could not stay on the high ground. Looking to the left of the automobile he saw what appeared to him to be a path wide enough for him to pass between the automobile and a hole on its left. He started to go around on this side, but his foot slipped on the edge of this hole, which was about 14 inches deep and filled with water, and he fell, breaking his left wrist and thus receiving the injuries for which he sues.

Defendant contends that the danger confronting plaintiff was obvious, that he knew the dangerous condition of the street, and that he was therefore guilty of negligence in using it at all, and particularly in using it in preference to another, safer route which was open to him. It may be that had the jury returned a verdict against plaintiff, we would have been required to sustain it on these grounds, but it does not necessarily follow that on the same grounds we must reverse a verdict in his favor. Negligence is usually a matter of fact, not of law, and we think this is true in the present case. As we said in *Sommerfield* v. *Miratti*, (1942) 49 Cal.App.2d 450, 455 [121 P.2d 746], in reference to a claim of contributory negligence of the plaintiff there in using a stairway known to be somewhat slippery, ''. . . if to a man of ordinary prudence it would appear that in spite of the danger he can by taking available precautions safely use the passageway, he is not negligent in using it with those precautions.'' In the case at bar the plaintiff, while he knew that the street in general was in a dangerous condition, also knew that there was a strip of ground next to the fence on which he had been able to walk safely under similar conditions. Hence he was not necessarily negligent in undertaking to traverse this part of the street.

When he found the automobile which prevented him from using this safe path, it appears to be defendant's contention that he should have stopped, retraced his steps to the improved streets and gone to his home by the alternate route above mentioned. But he says that he looked and saw what appeared to be a safe route around the automobile. Only a short detour would be necessary before he could return to the higher ground along the fence. The event, it is true, proved plaintiff's course around the automobile to be unsafe, but negligence is not to be judged exclusively by hindsight. The question whether plaintiff exercised due care in attempting to

pass around the automobile instead of retracing his steps, was, under the circumstances, one of fact for the jury.

In an attempt to escape the effect of the conclusion last stated, defendant contends that the proximate cause of plaintiff's fall was not the dangerous condition of the street, but the presence of the parked automobile barring plaintiff's safe path, and that it should not have been expected to anticipate such presence and hence was not required to make the center portion of the street safe for pedestrians. But a pedestrian is entitled to use every part of the street or highway, subject to proper regulations (none of which appear to exist in this case), and defendant's duty to repair is co-extensive with that right. There were places of business abutting on the part of the street where the automobile was parked, and no reason appears why defendant should not have anticipated such parking, if that were necessary to impose on it a duty to make the street as a whole safe for pedestrians. The jury could properly find that plaintiff's injury was proximately caused by the condition of the street.

The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.

A petition for a rehearing was denied September 8, 1943, and appellant's petition for a hearing by the Supreme Court was denied October 18, 1943.