[Civ. No. 17686. Second Dist., Div. Two. June 27, 1950.]

MAYME WARREN, Respondent, v. D. CURRY ALLEN et al., Appellants.

A. G. Reily for Appellants.

Joseph D. Taylor and Walter W. Heil For Respondent.

MOORE, P. J.—Plaintiff recovered $4,000 as damages resulting from injuries suffered when descending a stairway while a tenant or invitee on the premises of defendants. Four grounds are assigned for reversal, none of which is established. Negligence in failing to keep the structure free from hazards was proved by the testimony of witnesses that the stairs were in a bad state of disrepair, a board was cracked, and the steps were loose. A receipt for rent of her apartment in same structure for the month including the day of her fall was introduced by respondent. The testimony of her physican proved the nature and extent of her injuries. The testimony of respondent showed that the accident was not due to her carelessness; that it occurred on the stairway, and that the fall was from the second step. In this she was corroborated by Miss Mitchell. Such evidence having been adopted by the jury was sufficient to establish respondent's tenancy, that her injuries proximately resulted from appellants' negligence and that they were reasonably worth the amount awarded. No fact was proved that necessarily required a finding of respondent's contributory negligence. That there was evidence contradictory of that which established respondent's claim does not impeach the implied findings and conclusion of the jury. The judgment derived from a verdict approved by the trial court will not be disturbed by the reviewing court if the record shows any substantial evidence in support thereof. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427 [45 P.2d 183].) Whether respondent was guilty of contributory negligence was a question of fact for the jury. (*Harris* v. *Joffe*, 28 Cal.2d 418, 423 [170 P.2d 454].)

Appellants refer to certain testimony of witness Eggleston "by way of contradicting much of the testimony of plaintiff." Such conflicts were disposed of by the verdict. In their extended argument upon their thesis that respondent contributed negligence to cause her injuries they have cited numerous

decisions. (*Citti* v. *Bava,* 204 Cal. 136, 140 [266 P. 954]; *Lammers* v. *Pacific Electric Railway Co.,* 186 Cal. 379 [199 P. 523]; *Fidelity & Cas. Co.* v. *Paraffine Paint Co.,* 188 Cal. 184 [204 P. 1076]; *Steinberger* v. *California Electric Garage Co.,* 176 Cal. 386, 394 [168 P. 570]; *Fujise* v. *Los Angeles Railway Co.,* 12 Cal.App. 207, 212 [107 P. 317]; *Schwind* v. *Floriston Pulp & Paper Co.,* 5 Cal.App. 197 [89 P. 1066]; *Wood* v. *Los Angeles Railway Corp.,* 172 Cal. 15, 21 [155 P. 68]; *Watwood* v. *Fosdick,* 212 Cal. 84 [297 P. 881]; *Grazer* v. *Flanagan,* 35 Cal.App. 724 [170 P. 1076]; *Goldstein* v. *Healy,* 187 Cal. 206, 211 [201 P. 462].) While they were proper matter for comment to the trial court, they have no relevancy after the facts have been established by the fact finders upon substantial evidence. Whether the defect was so obvious as to constitute a notice of its presence was disposed of by the verdict. If it was readily observable appellants in the exercise of ordinary care should have seen it and by the same token respondent could reasonably have assumed that appellants had repaired it. (*Andre* v. *Allynn,* 84 Cal.App.2d 347, 351 [190 P.2d 949]; *Sommerfield* v. *Miratti,* 49 Cal. App.2d 450, 454 [121 P.2d 746]; *Foster* v. *A. P. Jacobs & Associates,* 85 Cal.App.2d 746, 754 [193 P.2d 971].)

The testimony of the witness Eggleston impugning the character of Attorney Heil was discredited and rejected by the jury. He admitted a conviction for a forgery, was inconsistent in his narrative of events and was contradicted by the attorney who testified in detail the matters discussed in their conferences. The witness' testimony having been rejected by the jury, Mr. Heils' conduct stood unimpeached, if it was ever relevant. If appellants were "prejudiced in the minds of the jury" it cannot be ascribed to any improper act of respondent's counsel, but rather to the testimony and behavior of the witness Eggleston.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied July 12, 1950, and appellants' petition for a hearing by the Supreme Court was denied August 24, 1950.