[Civ. No. 21818.   Second Dist., Div. One.   Apr. 30, 1957.]

R. A. HODGES, Respondent, v. RICHARD THACKER BAURMANN et al., Appellants.

Lynch & Reilly and Chas. H. Lynch for Appellants.

Neil D. Heily for Respondent.

DRAPEAU, J. pro tem.*—Plaintiff's and defendants' automobiles collided at the intersection of Highways 101 and 101A in Ventura County. This point is midway between Oxnard and Ventura on the coast highway.

Traffic there was controlled by red and green lights.

Plaintiff testified that he "had the green light" and that defendants' automobile struck his automobile while it was in the intersection. A witness who was driving a car following plaintiff testified that the light was green when plaintiff entered the intersection.

Defendant driver of the other car in the accident, and two other witnesses for him, all testified that they too saw a green light at the intersection, but in their lane of traffic.

This hopeless conflict in the evidence was resolved by a jury in favor of plaintiff, together with the related issues of contributory negligence and damages. The verdict for plaintiff was for $35,721.20.

The trial judge stated that he would deny a motion for a

*Assigned by Chairman of Judicial Council.

new trial that followed if plaintiff would remit $8,000 of the verdict and consent to a judgment for $27,721.20. Plaintiff so consented, and judgment followed.

Defendants contend on appeal:

(a) That there was no substantial evidence to support the verdict;

(b) That it was error to admit evidence as to certain habits of plaintiff's dog while riding in the car; and

(c) That the damages were excessive.

The record contains substantial evidence to support the verdict. Defendants' principal contention in this respect is that plaintiff was guilty of contributory negligence because he testified that as he was approaching the intersection at 15 miles an hour, he estimated the speed of defendants' approaching car at 60 or 70 miles an hour. "Therefore," say defendants, "it was contributory negligence for plaintiff to drive his car into the intersection and into the path of their car."

It is true, of course, that a reasonably careful driver, approaching an intersection with a go-ahead signal, should be vigilant and alert, and should not blindly propel his motor vehicle into the path of an approaching vehicle that he knows will be unable to obey the red signal and stop.

But if reasonable minds might draw different conclusions upon the question of contributory negligence, the question is one of fact for the jury. (*Johnson* v. *Southern Pac. R. R. Co.*, 154 Cal. 285 [97 P. 520]; *Shiya* v. *Reviea*, 122 Cal.App.2d 155 [264 P.2d 190].)

Plaintiff's estimate of the speed of defendants' automobile does not compel a determination that he was guilty of negligence as a matter of law. Moreover, as to this he later testified: "I assumed, me having the green light on him and two cars going ahead of me, I presumed that the man would stop."

Defendants' claim of error in respect to the admission of evidence as to the habit of plaintiff's dog in refusing to ride in the front seat is predicated upon the following: Plaintiff testified that his dog was in the back seat of his car and that the collision propelled the dog into the front seat. Defendants' witnesses testified that the dog was in the front seat and that plaintiff was looking down at the dog. One of the plaintiff's witnesses testified that the dog was in the back seat.

Other witnesses for plaintiff testified, over objection by defendants, that the habits of the dog were such that he would not ever get into the front seat. Defendants contend that it was error to admit in evidence this testimony of habit of the dog.

Authorities involving evidence as to customs and habits of animals are to be found generally in dog-bite cases, and are not particularly in point here.

There was no prejudicial error in the admission of this evidence. It shed some light upon a disputed inference: Did plaintiff have his eyes or his mind on the dog, and not on the road? Or was he alert and vigilant, with his eyes and his mind upon the hazards ahead of him?

Finally, with respect to defendants' contention that the damages were excessive. ▇ It was the duty of the jury to fix the amount of damages. Then it was the duty of the trial judge to determine whether, in all the circumstances in the case, the damages were fair and just and reasonable.

Plaintiff testified that he suffered constant pain, and that he had headaches every day, conditions that did not afflict him prior to the accident. Medical testimony is that he is subject to a 20 per cent limitation of motion referable to his shoulder injury, and that he will have pain and limitation for the remainder of his life.

▇ This court must presume that both jury and judge performed their duty with impartiality. It is only when passion or prejudice or corruption of a jury is clearly indicated as a matter of law that a court of appeal should set aside a verdict for damages as excessive. (*Christy* v. *Ulrich*, 113 Cal.App. 338 [298 P. 135].) In *Ericksen* v. *Southern Pac. Co.*, 39 Cal. 2d 374 [246 P.2d 642], our Supreme Court states the rule (at page 382): "The amount of damages fixed by the jury and thereafter approved by the trial court will not be disturbed on appeal unless the evidence shows that the award is so disproportionate to any reasonable limit of compensation as to indicate that it was the result of passion, prejudice, or corruption on the part of the triers of facts."

Nothing in the record brings this case within the rule stated.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.