[Civ. No. 4771. First Appellate District, Division Two.—January 26, 1924.]

## L. P. HAYWARD et al., Respondents, v. R. H. DOWNER, Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES TO WIFE—KNOWLEDGE OF DANGER —PROVINCE OF JURY.—In an action by a husband and wife for damages for injuries sustained by the latter as the result of falling into a ditch or trench excavated by defendant in a public street during the course of his construction of a sewer system under contract, notwithstanding the evidence shows that the wife had knowledge or means of knowledge of the danger, it is for the jury to determine whether it was a want of ordinary care for her not to have the source of danger in mind.

[2] ID.—NOTICE OF UNSAFE CONDITION OF STREET—CONTRIBUTORY NEGLIGENCE.—Where either husband or wife, having knowledge or previous notice of the unsafe condition of a street, voluntarily puts himself in a place of danger from which injury results to the wife, it is a question for the jury to determine whether either is guilty of contributory negligence.

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. H. DeLap, Hiram E. Jacobs and J. E. Rodgers for Appellant.

Hall & Jacobs for Respondents.

NOURSE, J.—Plaintiffs obtained a verdict of two thousand dollars for damages suffered by Emilie Hayward, the wife of her coplaintiff, when she fell into a ditch or trench excavated by the defendant in a public street during the course of his construction of a sewer system under contract. Work under this contract covered a large area in the particular neighborhood in which the plaintiff lived and had been in course of construction for a period of some two

1. Liability for injuries by excavations near highway or frequented path, notes, 26 L. R. A. 689, 693; L. R. A. 1915A, 850.

2. Knowledge of obstruction or defect in highway as affecting liability, notes, 21 L. R. A. (N. S.) 638; 48 L. R. A. (N. S.) 634.

and a half months prior to the date of the injury. On the night on which the injury occurred, the plaintiffs had been visiting a neighbor and on their return home over a path which they had frequently used the wife fell into the trench and suffered the injuries which are the basis of the accident. Plaintiffs had a general verdict in the sum of two thousand dollars, and from the judgment upon the verdict this appeal is taken.

The only grounds urged upon the appeal are: (1) That the respondent Emilie Hayward had knowledge or the means of knowledge of the existence of the danger, that she voluntarily assumed the risk, and was therefore guilty of contributory negligence as a matter of law; (2) that the respondent Emilie Hayward's husband had actual knowledge of the danger and that his negligence in failing to warn his wife of such danger bars recovery by both himself and his wife.

[1] There is much respectable authority in support of appellant's first point, and such, in fact, was the rule in this state until the supreme court, in *Meindersee* v. *Meyers*, 188 Cal. 498, 503 [205 Pac. 1078], held that, notwithstanding this knowledge and means of knowledge, it was for the jury to determine whether it was a want of ordinary care for the injured not to have the source of danger in mind.

Nothing was said by the supreme court regarding the standing of the husband in relation to the award of damages for his wife's injury and no effort was made to distinguish the rule affirmed in *Basler* v. *Sacramento G. & E. Co.*, 158 Cal. 514, 518 [Ann. Cas. 1912A, 642, 111 Pac. 530], to the effect that the husband's failure to notify his wife of approaching danger while under his care bars recovery by him for injuries suffered by the wife.

[2] However, the Meindersee case was decided upon a state of facts similar to those before us, and we must assume from the decision that all these questions were taken into consideration and that, where either husband or wife having knowledge or previous notice of the unsafe condition of a street voluntarily puts himself in a place of danger from which injury results to the wife, it is a question for the jury to determine whether either is guilty of contributory negligence.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.