[L. A. No. 8062. In Bank.—March 29, 1927.]

## JAMES K. NEILSON, Respondent, v. R. HOULE, Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES—CONFLICTING EVIDENCE—APPEAL. Where there is a direct and sharp conflict in the evidence in an action to recover for personal injuries on the ground of defendant's negligence and there is nothing inherently improbable in the story of plaintiff, the judgment of the trial court cannot be disturbed on appeal.

[2] ID.—REVIEW ON APPEAL — RULE. — Where the undisputed circumstances show that the story told by a litigant and his witnesses cannot by any possibility be true, or when their testimony is inherently impossible, an appellate court should not hesitate to reverse the judgment, to the end that the cause again may be submitted to the determination of the jury or trial judge; but unless the court on appeal can say that, under the undisputed physical facts, in an action for damages for personal injuries, the accident could not possibly have been due to defendant's negligence as alleged in the ·complaint, a judgment for plaintiff must be affirmed on appeal.

(1) 4 C. J., p. 858, n. 3; 42 C. J., p. 1288, n. 35.  (2) 4 C. J., p. 854, n. 68, p. 862, n. 26, p. 863, n. 29.

APPEAL from a judgment of the Superior Court of Los Angeles County. John Perry Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

George C. Watson and E. B. Drake for Appellant.

Bertrand J. Wellman for Respondent.

---

1. See 19 Cal. Jur. 779; 2 R. C. L. 204.
2. See 10 Cal. Jur. 1145.

PRESTON, J.—This appeal presents the single issue as to whether or not we will override the judgment of the court below on the verdict of a jury rendered on conflicting evidence in an action for personal injuries.

Plaintiff's testimony showed that at the time of the accident he was proceeding at a lawful speed on the proper or right-hand side of the street, while going south on Santa Fe Avenue, in Los Angeles; that there were machines parked along the right or west side of said street, which obstructed his view of vehicles entering the street from that side; that the defendant, who had been on the premises of the Good Roads Machinery Company, on the right or west side of said avenue, suddenly entered the street immediately in front of him and was traveling in a northeasterly direction across the fifty-six foot street at a reasonable rate of speed; that plaintiff, thinking to avoid a collision, swerved to the left about ten feet, and the machine failing to slow down or stop, a collision resulted at a point near the center of the street, leaving the automobile still pointing in a northeasterly direction and diagonally across the street.

The complaint alleged negligence on the part of defendant and the answer set up negligence on the part of plaintiff as the sole cause of the accident. The evidence was sufficient to warrant the jury in finding defendant guilty of negligence in entering the street from a private entrance thereon at a point where his presence would be obscured to oncoming traffic by parked machines without taking some precaution to avoid a collision and also in not stopping his car to prevent the collision. No authorities are cited nor is there any contention made of insufficiency of the evidence, but the appeal is prosecuted upon the sole ground of inherent improbability of plaintiff's testimony. In other words, appellant appears to desire to invoke the rule of incredible testimony, which is, as stated in section 381, page 1169, of volume 10, Cal. Jur.:

"Where testimony, in the light of the undisputed facts, is so inherently improbable and impossible of belief as to, in effect, constitute no evidence at all, the rule that the amount of credit to be given to the positive testimony of any witness is solely a question for the trial tribunal, does not apply. Undoubtedly an appellate court, in reviewing the

evidence, is bound to exercise its intelligence, and in doing so must recognize that certain facts are controlled by immutable physical laws. . . . Even if there is a certain degree of improbability about much of the evidence that leaves it unsatisfactory to the mind of the appellate court, if it is not contradicted nor impeached except by its·own weakness the decision of the lower court will not be disturbed." (See, also, *DeArellanes* v. *Arellanes,* 151 Cal. 443 [90 Pac. 1059], and *Austin* v. *Newton,* 46 Cal. App. 493 [189 Pac. 471].)

The contention of defendant, in the language of his counsel, is as follows: "That he had been in a building and that he backed his automobile out on the west side of Santa Fe avenue about 100 feet from where the accident happened and then drove directly across the street and was headed practically due north, and that his automobile was standing still on the right side of the center of the street, the way he was headed; that by reason of the roughness of the railroad track plaintiff was crossing, some 30 feet northerly from defendant's automobile and the point of collision, it caused his motorcycle to, and it did, swerve to its left and 'zigzagged' so he struck the right front bumper of defendant's automobile headed northerly on Santa Fe avenue, to east of the center thereof, that is, on plaintiff's wrong side of the street."

[1] There is thus present a direct and sharp conflict in the evidence. There is nothing at all inherently improbable in the story of plaintiff. One or the other party must be disbelieved in a situation of this kind. The jury believed the plaintiff and rendered a verdict accordingly. The court below, being dissatisfied with the amount thereof, caused it to be reduced from $20,000 to $12,000, but no dissatisfaction was expressed as to the proof of negligence; indeed, the conclusion is certain that the court below, after modification as to damages, directly approved the verdict.

This case is well summed up in the language of *Austin* v. *Newton, supra,* at pages 497–500, as follows: "As we understand counsel's argument, what appellant does contend for is that there are certain details of the accident, as described by plaintiff and his witnesses, that are irreconcilably in conflict with certain admitted physical facts. . . . Such inconsistencies, however, would not necessarily prevent a recovery

by plaintiff. It is not to be supposed that witnesses to an accident that happens in the twinkling of an eye should accurately observe all the details. Much less is it probable that one who is injured in the accident, and rendered unconscious, should be able to give a correct account of all the quickly happening events. It cannot be laid down as a rule of law that a plaintiff in a personal injury case cannot recover unless the court can see that every detail of the accident, as testified to by the plaintiff and his witnesses, is consistent with admitted physical facts and laws of science. Undoubtedly where some of the details of an accident, as described by a witness, conflict with admitted physical facts, the whole story of the accident, as given by that witness, may be entirely discredited; but, as an appellate court, we cannot reverse unless we can say that the admitted physical facts are wholly irreconcilable with the negligence alleged in the complaint. To entitle respondent to an affirmance, it is sufficient if it can be said that, notwithstanding the admitted physical circumstances, the accident could have been caused by the negligence charged in the complaint. We hold that the reasonableness of plaintiff's version of the accident was a question of fact for the trial court, and that its finding thereon is conclusive here. . . .

[2] "Undoubtedly an appellate court, in reviewing the evidence, is bound to exercise its intelligence, and in doing so must recognize that certain facts are controlled by immutable physical laws. It cannot permit the verdict of a jury to change such facts, because, as said in *Quigley* v. *Naughton,* 100 App. Div. 476 [91 N. Y. Supp. 491], to do so would, in effect, destroy the intelligence of the court. And when the undisputed circumstances show that the story told by litigant and his witnesses cannot by any possibility be true, or when their testimony is inherently impossible, the appellate court should not hesitate to reverse the judgment, to the end that the cause again may be submitted to the determination of a jury or trial judge.

"On the other hand, as an appellate court, it is our bounden duty to exercise great care and caution in applying the tests of common sense and common knowledge of physical laws to a given state of facts. Common experience and observation teach us that strange and astonishing things sometimes happen in the world of physical phenomena, and

accidents sometimes appear to happen in manner unaccountable. For these reasons an appellate court must be careful not to give to dogmatic and undemonstrated conclusions respecting natural laws precedence over the testimony of apparently credible witnesses; and the mere fact that the admitted circumstances make the story of the witnesses seem improbable will not justify a reversal by an appellate tribunal upon the ground that the verdict is contrary to the evidence. (*Stokes* v. *Metropolitan Street Ry. Co.*, 173 Mo. App. 676 [160 S. W. 46].) Unless, therefore, we can say that, under the undisputed physical facts, the accident could not possibly have been due to defendant's negligence as alleged in the complaint, we must affirm the judgment. It is not sufficient that the story told by plaintiff and his witnesses may be improbable. It is for the jury or the trial judge to weigh and balance probabilities. We cannot reverse upon the ground that the finding of negligence is contrary to the evidence unless we can see that the fact as found contravenes recognized physical laws, and that therefore it is impossible that the accident could have been due to the negligence alleged in the complaint.

"Tested by the foregoing, we cannot say that the finding that defendant's negligence was the proximate cause of the accident is not supported by the evidence."

The judgment is affirmed.

Curtis, J., Langdon, J., Richards, J., Waste, C. J., Shenk, J., and Seawell, J., concurred.