[Civ. No. 6388. First Appellate District, Division One.—October 25, 1928.]

JOHN A. MacPHERSON, Respondent, v. WEST COAST TRANSIT CO. (a Corporation), Appellant.

H. C. Nelson and Nelson & Ricks for Appellant.

Pierce H. Ryan and A. G. Bradford for Respondent.

CASHIN, J.—This action was brought to recover damages for injuries to the person and property of the plaintiff alleged to have been caused by the negligent operation of an automobile stage by defendant company. The latter denied that the injuries were caused by its acts or negligence, and alleged as a further defense the contributory negligence of the plaintiff.

The jury found for the plaintiff in the sum of two thousand five hundred dollars, and from the judgment entered on the verdict the defendant has appealed.

It is contended that the evidence was insufficient to support the verdict, and that the conduct of the jury and of counsel for the plaintiff was prejudicial to the rights of the defendant and prevented it from having a fair trial.

The accident occurred at a point on the public highway between Korbel and Blue Lake, in Humboldt County. The plaintiff, accompanied by Mrs. Hattie McDaniel, was driving his automobile—a Buick roadster—toward Korbel, and at the point where the accident occurred met the automobile stage owned and operated by the defendant. The road at this point passes around a hill which on the left, approaching Korbel, forms a steep bank. On the right a fence had been erected to prevent automobiles from leaving the highway, which is approximately one hundred feet above the floor of the valley and the descent to which from the said road is precipitous. As this portion of the road came into view the plaintiff, as he testified, observed the approach of the stage, which was preceded by a horseman. The stage was then traveling behind the horseman but on plaintiff's side of the road. The driver of the stage, instead of turning to his right and remaining behind the horseman until the plaintiff had passed, continued on his course, passed the horseman on the left and thereupon turned the stage sharply and suddenly toward the bank. By this movement the stage was placed diagonally across the road in such a position that the plaintiff was unable to pass without striking the vehicle. According to his testimony the stage when first seen was traveling about thirty miles per hour; he immediately sounded his horn and applied the brakes,

thinking, as he testified, "that the driver of the stage would slow down and pull in back of the horse." Instead of so doing the stage driver followed the course above described, with the result that the plaintiff was unable before striking the stage to fully stop his car, the left front wheel of which struck the rear end of the stage. As the result of the impact the car skidded to the right, passed through the fence and down the hill, causing physical injury to the plaintiff and damage to his car.

The defendant claimed that no collision occurred between the two vehicles and that the accident was due solely to the negligent driving of the plaintiff. The testimony of the latter, however, was corroborated in all material respects by that of Mrs. McDaniel, who also testified to a collision with the stage before the plaintiff's car passed through the fence and down the hillside.

A view of the scene of the accident was ordered by the court, it being stipulated by counsel that travel at that point should be stopped while the jury was present. The court assented to the stipulation, and, among other instructions, admonished the jury with respect to the situation at the scene of the accident as follows: "I think it is better for you not to discuss it among yourselves." Testimony contradicting plaintiff's version of the affair was adduced by the defendant; but it will be sufficient to say that the evidence as to the cause of the accident was conflicting, and the facts as related by the plaintiff and his witnesses, which the jury believed, were not improbable. Moreover, as stated, the jury, after hearing the testimony, viewed the scene of the accident, and knowledge so gained was independent evidence to be taken into consideration in determining the issues in the case (*People* v. *Milner*, 122 Cal. 171, 184, 185 [54 Pac. 833]; *People* v. *Pompa*, 192 Cal. 412 [221 Pac. 198]; *Hatton* v. *Gregg*, 4 Cal. App. 537 [88 Pac. 592]; *Vaughan* v. *County of Tulare*, 56 Cal. App. 261 [205 Pac. 21]), and a review of the evidence shows that their conclusion that the damage complained of resulted solely from the negligence of the defendant was sufficiently supported.

Defendant moved for a new trial, alleging, among other grounds, misconduct of the jury and of counsel for the plaintiff. In support of the motion affidavits were filed by defendant's counsel to the effect that, notwithstanding the

instructions of the court, the jury, while viewing the scene of the accident, talked among themselves regarding the matters under observation; that traffic along the highway was not stopped as had been agreed, and that the jury endeavored to draw conclusions from passing traffic respecting facts in issue, those observed not being the same as those testified to; and, further, that the condition of the roadway since the accident had been materially changed, thus causing the jury to be misled. It was further alleged that the attorney for the plaintiff offered in evidence the complaint in an action brought by Hattie McDaniel against defendant to recover damages due to the same accident, stating in the course of his argument to the jury that defendant had settled the claim and that the claimant "had walked out of court satisfied," and that notwithstanding defendant's objection to the above and reference to any settlement of the case counsel continued to refer thereto in his argument. Plaintiff by affidavit of his counsel denied that reference was made through the latter to the McDaniel claim otherwise than to state that an action was filed by her after a certain date and that the same had been disposed of. It had developed on the cross-examination of the plaintiff that on March 6, 1925, he transferred certain personal property to his parents, who retransferred the same to him on January 28, 1926. The purpose of the question was to show that he feared an action for damages by Mrs. McDaniel. Both the plaintiff and his father testified that the transfer was made as security for a loan, and also that Mrs. McDaniel had brought suit against the defendant alone before the date first mentioned and had never filed an action against the plaintiff. The original complaint in the McDaniel suit was then offered, and the same, with the exception of the allegations therein as to the amount claimed as damages, was admitted in evidence for the purpose of showing that a suit had been brought by her against the defendant company and the date when the same was filed. This affidavit also alleged that upon objection being made to the statement respecting the McDaniel claim counsel withdrew the statement and requested the jury to disregard it, but that no request for a like instruction by the court was made by the defendant; that affiant saw but one automobile approach the scene of the accident during the view, and that

the presiding judge, who was present, was then asked, in the presence of defendant's counsel, whether he wished the road closed to traffic; that the judge replied in the negative, his reason in substance being that owing to conditions at the scene of the accident such action was not feasible; that defendant made no objection thereto and made no further request that such an order be made; furthermore, that no objection to conversations between the members of the jury was made by defendant's counsel; that the matter was not called to the attention of the court by him nor a request made that the jury be discharged. It was further alleged that no change in the highway other than that there had been an increase of one foot in its width had been made, and that the fact was in evidence before the view by the jury.

The view was within the discretion of the trial court (Code Civ. Proc., sec. 610), which in the present case was not abused nor was the admission of the McDaniel complaint as evidence corroborating the witness MacPherson and tending to rebut the inference that the object of the transfer was to avoid a claim for damages against the plaintiff, erroneous. The evidence being before the jury, references thereto by counsel in his endeavor to convince them that the transfer mentioned was for a purpose other than that claimed by the defendant were proper.

In passing upon the motion for a new trial it must be presumed that conflicts between the affidavits filed were resolved by the court in favor of the plaintiff, and its implied findings thereon cannot be disturbed (*Ham* v. *County of Los Angeles,* 46 Cal. App. 148 [189 Pac. 462].) Moreover, in denying the motion the court impliedly determined that no prejudice was suffered through the alleged misconduct of either counsel or the jury (*LaFargue* v. *United Railroads,* 183 Cal. 720 [192 Pac. 538]). The affidavits made and filed by defendant's counsel in support of the motion did not disclose the conversations had between the jurors, nor did affiant claim to have heard all that was said. He states, however, that he knew that the jurors did discuss the facts of the case at the scene of the accident, to which he called the attention of the court at the time and, further, that he "observed said jurors scattered and separate over the scene of said accident, some of the jurors being

many yards distant from others, and while so standing saw them talking to each other and pointing out various physi- . cal objects and conditions as they existed.'' ■ It has been held to be improper for jurors to talk to each other about the case before its final submission (*Monaghan* v. *Pacific Rolling Mill Co.*, 81 Cal. 190 [22 Pac. 590]), but such misconduct does not justify a new trial unless it appears that prejudice to the substantial rights of a party resulted therefrom (*People* v. *Kramer*, 117 Cal. 647 [49 Pac. 842]; *Siemsen* v. *Oakland S. L. & H. Electric Ry.*, 134 Cal. 494, 498 [66 Pac. 672]; Code Civ. Proc., sec. 475). ■ The same rule applies to misconduct of attorneys. In the present case the statement so assigned having been withdrawn, with a request to the jury to disregard it, and no instruction by the court to that effect having been requested by defendant, we cannot say that the latter was prejudiced by the remark. ■ Moreover, as was said in *LaFargue* v. *United Railroads, supra*, ''the trial judge is in a much better position than the appellate court to determine whether the verdict in the case is probably due, wholly or in part, to said alleged misconduct . . . and his conclusion in the matter should not be disturbed unless from the circumstances appearing it was plainly wrong.''

After an examination of the entire record we are satisfied that the verdict, together with the implied findings of the trial court on the motion for a new trial, were fully sustained, and no error is shown which reasonably supports the conclusion that the matters complained of were prejudicial or that the trial resulted in a miscarriage of justice.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.