[Civ. No. 7449.   First Appellate District, Division One.—December 6, 1930.]

JOSEPH ROSELLA, Respondent, v. SPIROS PAXINOS, Appellant.

Frank J. Fontes for Appellant.

Trefts & Young for Respondent.

THE COURT.—The defendant Spiros Paxinos owned and operated a restaurant on the northeast corner of Third and Stevenson streets in San Francisco. He also maintained a stairway leading from the sidewalk on Stevenson street to the basement of the building. This stairway was parallel with the south wall of the building, the entrance thereto being from the west toward Third street. The opening was covered by two iron gratings which were fastened to the sidewalk on the south side of the entrance by means of hinges. When the gratings were raised they were kept upright by means of bars extending across the opening to eyelets in the wall of the building. Across the east end of the opening from the easterly grating to the wall it was intended that another bar, which some of the witnesses described as a gate, should be kept in place. The purpose of this was to afford additional support to the upright gratings and protection to persons using the street.

On December 13, 1927, at about 7:30 P. M. the plaintiff, who was walking west along the north side of Stevenson street, fell through the easterly end of the opening into the basement of the building and was injured. The com-

plaint alleged that the injuries were due to the fact that defendant negligently left the opening unguarded. The answer denied the alleged negligence and averred contributory negligence as a defense to the action. The court found in accordance with the complaint and against the averments of the answer. Defendant has appealed from the judgment entered against him, and contends that the findings are not supported by the evidence.

Plaintiff testified that he had been employed in selling newspapers in the vicinity of the restaurant since 1906. These he obtained from a newspaper office on Stevenson street. The night of the accident was dark and foggy, and it was testified by other witnesses that at night the opening could not be seen farther away than five or six feet. A witness employed in a cigar-store on the same corner also testified that he had frequently closed the bar or gate in order to prevent accidents. Plaintiff admitted that he had observed the stairway and gratings on many occasions. On the evening of the accident, after obtaining his papers, he walked west along Stevenson street, but failed to see that the stairway was open, and fell in. He testified that there was no bar in place across the same on this occasion. According to a physican, in addition to receiving bruises from the fall, he was injured in the region of the coccyx bone, which at the time of the trial in May, 1929, was still extremely sensitive. The plaintiff and other members of his family testified that he had been unable to work since the accident, and that his income from his employment had been about $100 per month.

As defendant points out, portions of plaintiff's testimony were contradictory, and in many particulars his recollection of events was uncertain, and his testimony that the bar or gate was not in place at the time of the accident was opposed by that of defendant and other witnesses. Nevertheless the credibility of these witnesses and the weight to be given their testimony were questions for the trial court. We cannot say that plaintiff's testimony was inherently improbable, and notwithstanding the contradictions therein the conclusions of that court cannot be disturbed on appeal. (*Pedrow* v. *Federoff*, 77 Cal. App. 164 [247 Pac. 212].)

It was alleged and proved at the trial that the city and county of San Francisco had previous to the acci-

dent adopted an ordinance regulating the operation and construction of trap-doors and other openings in sidewalks. The ordinance provided among other things that all sides of such openings must be guarded by chains or bars, and also that it should be unlawful to keep the bars, openings or gratings thereof open except during the time necessary for the receiving or shipping of merchandise or supplies, and unless during the time the same remainded open suitable guards or railings were provided to prevent accidents to the public. The violation of such an ordinance, if it proximately caused the damage complained of, was negligence, and this question was also one for the determination of the trial court (19 Cal. Jur., Negligence, sec. 65, p. 632; *Benjamin* v. *Noonan,* 207 Cal. 279 [277 Pac. 1045].)

■ It is also claimed that plaintiff's knowledge of the existence of the stairway, together with his failure to observe its condition on the night of the accident, will bar a recovery. It has been held in several cases that if a person knows of a dangerous defect in a sidewalk he is bound at his peril to remember it (*Davis* v. *California St. C. R. Co.,* 105 Cal. 131 [38 Pac. 647]; *McGraw* v. *Friend etc. Lumber Co.,* 120 Cal. 574 [52 Pac. 1004]; *Reynolds* v. *Los Angeles Gas etc. Co.,* 162 Cal. 327 [Ann. Cas. 1913D, 34, 162 Pac. 962]). The defendant and another witness testified that the trap-door was always left open. There was no admission of this condition by the plaintiff; and whether it was true presented another question of fact. If the testimony was untrue, then the plaintiff, though he knew of the existence of the stairway, would have no reason to anticipate that the same would be left in a dangerous condition or that the ordinance would be violated. ■ One who is himself not negligent is entitled to rely upon the presumption that others will exercise due care, so that it is not negligence to fail to anticipate danger which can come only from a violation of law or duty on the part of another (19 Cal. Jur., Negligence, sec. 35, p. 596; *Harris* v. *Johnson,* 174 Cal. 55 [Ann. Cas. 1918E, 560, L. R. A. 1917C, 477, 161 Pac. 1155]). ■ Moreover, late cases hold that forgetfulness of a known danger will not always operate to prevent a recovery, for to forget is not negligence unless it shows want of ordinary care, the question being one for the jury (*Meindersee* v. *Meyers,* 188 Cal. 498 [205 Pac. 1078]; *Smith* v. *Southern*

*Pac. Co.,* 201 Cal. 57 [255 Pac. 500] ; *Hayward* v. *Downer,* 65 Cal. App. 450 [224 Pac. 265]). The above questions, which involved the weight to be given the testimony of witnesses, were properly for the jury or the court sitting as a jury, and we cannot say that its conclusions were unsupported.

Finally it is urged that the damages awarded are excessive. While the evidence on this question presents some conflict, there was sufficient, if believed by the court, to justify the award, and the findings are fairly supported by the evidence.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 5, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 2, 1931.