[Civ. Nos. 9413, 9414.   Second Appellate District, Division Two.—March 16, 1935.]

MARY HALAMINSKY, Appellant, v. CHARLES NELSON, Jr., et al., Respondents.

(Two Cases.)

Rex B. Goodcell and Manley C. Davidson for Appellant.

Paul Nourse and Forrest A. Betts for Respondents.

CRAIL, J.—These are two appeals by the plaintiff from two judgments in favor of the defendants (respondents) in actions for damages for personal injuries arising out of an automobile accident. The two cases are presented together on appeal. The plaintiff and her deceased husband were pedestrians crossing an intersection of streets in Los Angeles when hit by defendants' automobile.

We have had little help from the defendants in this case for the reason that instead of answering the points raised by the plaintiff, defendants devote many pages to arguing in favor of the negative of the following question which they themselves propound: "Did the court err because of instructing on the defendants' theory of the case, or should it have instructed on the plaintiff's theory?" Obviously the defendants reach a conclusion which is satisfactory to themselves.

The first and principal contention of the plaintiff is that the court erred in giving certain instructions to the jury. The first instruction of which complaint is made is defendants' instruction No. 24. Plaintiff contends that the city ordinance as embodied in this instruction conflicts with the provisions of section 131½ of the California Vehicle Act *in so far as the facts in this case are concerned.* "It is not contended", she says, "that under every conceivable set of circumstances it would be erroneous to give Defendants' In-

struction No. 24, or that the City Ordinance would not apply . . . '' Her contention is that under the peculiar facts in this case the ordinance is conflicting. However, the ordinance was admitted into evidence by stipulation of the parties and the case was tried in the superior court upon the theory by both sides that it was proper for the jury to consider it in their determination of the issues. Under such circumstances plaintiff's contention is without merit.

Plaintiff next contends that the court erred in giving instruction No. 19 in which the court said, in effect, that if the jury find that plaintiff was unlawfully or improperly in the street at the time of the accident, then the defendants were not required to anticipate that plaintiff would be in an improper and unlawful position. We do not like the instruction. It was a clumsy attempt to set forth the rule laid down in *Rosella* v. *Paxinos,* 110 Cal. App. 299 [294 Pac. 39], and *Harris* v. *Johnson,* 174 Cal. 55 [161 Pac. 1155, Ann. Cas. 1918E, 560, L. R. A. 1917C, 477], namely, that a person is not required to anticipate a danger which is created solely by the violation of law or duty by another. It is possible but not probable that the jury might be misled by this instruction into believing that if the plaintiff was in the street unlawfully then the defendants were no longer bound by the duty to operate the auto in a careful and prudent manner. However, the court fully instructed the jury in other instructions that the driver of an automobile has no right to assume that the road is clear, but under all circumstances and at all times must be reasonably diligent and must anticipate the presence of others lawfully upon the street, and has no right to assume that the road is clear, and is bound to anticipate that he may meet persons at any point in the street. The jury was so clearly instructed in this regard that we do not believe it was misled. Plaintiff's further contention that the said instruction charged the jury that a violation of the city ordinance barred the plaintiff's right to recover without regard to whether or not said violation contributed to the injury sustained is not borne out by an inspection of the instruction itself, and the same may be said with reference to plaintiff's further contention that the instruction precluded the jury from finding the defendants negligent.

290

■ Plaintiff makes further contentions with regard to this and other instructions which were given and with regard to the failure to give an instruction requested by the plaintiff, but we see nothing which would entitle the plaintiff to a reversal. The trial court in the hurly-burly of a trial cannot get every "t" crossed and every "i" dotted, and the instructions were as nearly perfect as could be expected. Cases are seldom reversed for errors in instructions since the people put into the Constitution the mandate that no judgment shall be set aside on the ground of misdirection of the jury unless after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice. In this case there was no miscarriage of justice. Neither was there error in denying plaintiff's motion for a new trial.

Judgments affirmed.

Stephens, P. J., and Willis, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 15, 1935.