[L. A. No. 18116.   In Bank.   Mar. 2, 1942.]

MYRTLE NEEL, Appellant, v. MANNINGS, INC. (a Corporation), Respondent.

G. Revelle Harrison and Albert E. Wheatcroft for Appellant.

Sidney A. Moss for Respondent.

CURTIS, J.—This is an action for damages for personal injuries sustained by the plaintiff when she struck her head against a ceiling board while ascending a stairway alleged to have been negligently maintained by the defendant Mannings, Inc. The jury returned a verdict in favor of the plaintiff in the sum of $1,500. Thereupon the defendant moved for a judgment notwithstanding the verdict upon the ground that the evidence not only failed to show that defendant was guilty of negligence, but established the fact that the plaintiff's injuries were the result of contributory negligence. The motion was granted and from the judgment entered accordingly for defendant, plaintiff has appealed.

It appears to be the well-established law of this state that the power of the trial court to set aside a verdict and enter a contrary judgment is absolutely the same as its power to grant a nonsuit. (Sec. 629, Code Civ. Proc.; *Card* v. *Boms,* 210 Cal. 200 [291 Pac. 190]; *Hunt* v. *United Bank & Trust Co. of California,* 210 Cal. 108 [291 Pac. 184]; 7 Cal. Jur.

10-Yr. Supp. 268, sec. 65c.) Therefore, a motion for judgment *non obstante veredicto* may properly be granted "when, and only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff." (*Card* v. *Boms, supra,* at p. 202.)

In the light of this settled legal principle an examination of the record in this case impels the conclusion that the trial court was in error in determining that there was no evidence which gave substantial support to the verdict rendered by the jury.

The essential facts basis of the plaintiff's claim are briefly as follows: For about ten years prior to May 2, 1939, the date of plaintiff's accident, defendant Mannings, Inc., had conducted a restaurant on the balcony of the Grand Central Public Market in Los Angeles. As the only public means of access to this restaurant defendant maintained a stairway of 14 steps, each approximately $7\frac{1}{4}$ inches high and $10\frac{1}{2}$ inches deep. The stairway was 44 inches wide and extended from the ground floor of the market to the floor level of the balcony. On each side of the lower half of the stairway was a wall rail or banister approximately 30 inches above the steps. As the stairs approached the level of the ceiling, the open space between the ceiling and each wall rail became narrower. The ceiling did not extend over the stairwell except at the bottom of the stairway, but it did extend over the wall rails to each edge of the stairwell. The upper half of the stairway was bordered on each side by solid walls, from which handrails projected into the stairwell. From the lower part of the stairway, because of the open space on either side thereof, there could be seen various stalls located on the floor of the market.

At about noon on the day in question plaintiff and her friend started abreast up the stairway for the purpose of purchasing luncheon at defendant's restaurant. After having so ascended a couple of steps and because of the presence of other persons on the stairway, plaintiff's companion advanced to the left and ahead of plaintiff. The two ladies proceeded in this position to mount the stairs until plaintiff reached the fourth or fifth step, when plaintiff, who was then about five or six inches from the wall rail on the left side,

moved further to the left to permit several people who were descending the stairs to pass. At the same time she stepped upward and struck her head on a sharp board on the edge of the ceiling bordering the stairwell, thereby sustaining serious injuries.

Plaintiff testified that she had used the same stairway on other occasions for a period of about fifteen years, during none of which times she had struck her head against the ceiling in question; that her eyesight was good; that immediately prior to the happening of the accident she was looking straight ahead as she moved up the stairs, and that when she struck her head on the ceiling board upon stepping to the left to allow other people coming toward her to pass, she grabbed the skirt of her friend, who was walking just ahead and who thereupon turned to assist plaintiff in her misfortune. Plaintiff's testimony as to the condition of the stairway with respect to the presence of other persons thereon and her action following her injury was corroborated by plaintiff's friend, who further stated that plaintiff complained that she had hit her head and was in considerable pain. A qualified architect, called as a witness by defendant, testified with reference to approved building standards for structures of the type in question as follows: "In my opinion these steps and stairway and that balcony with respect to its position to the stairway were scientifically constructed. This stairway and its surroundings are constructed in the manner approved generally in the County of Los Angeles. In my opinion this construction of the stairway and the railing and the surrounding conditions are built in accordance with sound architectural practice. It is built in accord with the standard of generally approved stairs of this type. . . . In a construction such as involved in this case, where the edge of the ceiling is on the same plane with the well of the stairs or rail, if one wished to operate a restaurant on that balcony to accommodate from three to five hundred people I would not necessarily recommend that a rail projecting from the side of the well be carried the full length of the stairway, but I would so recommend on the basis of good architectural practice. . . . I would recommend that the projecting rail be carried the full length of the stairway merely as a continuous line of the rail and not in order to prevent people from bumping their heads in walking up." During the course of the trial plain-

tiff moved that the jury visit the scene of the accident and examine the stairway; and accordingly this was done. In connection with this inspection it was stipulated by the parties that complete measurements as to dimensional facts and floor-plan arrangement of the stairway were correctly represented by appropriate exhibits introduced in evidence, consisting of several pictures and a diagram. There was also testimony that defendant had no knowledge of any previous accident having occurred on the stairway, and that about three or four hundred people daily patronized its restaurant on the balcony.

It should be noted at this point that there was no question before the jury as to the legal relationship existing between the parties, for the defendant admitted in its answer that plaintiff entered upon its premises as an invitee. The long-recognized rule governing such status is succinctly stated in *Brinkworth* v. *Sam Seelig Co.*, 51 Cal. App. 668, 670 [197 Pac. 427]: "One who, during business hours, lawfully enters a store to purchase goods does so at the implied invitation of the owner (*Herzog* v. *Hemphill*, 7 Cal. App. 116 [93 Pac. 899]), upon whom the law imposes the duty of exercising ordinary care and prudence to keep the aisles and passage-ways of the premises, in and through which by their location and arrangement a customer in making purchases is induced to go, in a reasonably safe condition so as to not unnecessarily expose him to danger or accident. (*Hart* v. *Grennell*, 122 N. Y. 371 [25 N. E. 354]; *Schmidt* v. *Bauer*, 80 Cal. 565 [5 L. R. A. 580, 22 Pac. 256]; *Means* v. *Southern Cal. Ry. Co.*, 144 Cal. 473 [1 Ann. Cas. 206, 77 Pac. 1001].)"

Under this condition of the evidence the questions presented to the jury for determination were: (1) whether defendant was negligent by reason of the manner in which it maintained the stairway; and if so, (2) whether its negligence was the proximate cause of plaintiff's accident. The jury's findings upon these questions entailed consideration of the following matters: (3) whether plaintiff was negligent; and if so, (4) whether her negligence contributed to her injuries. In deciding these issues, the jury was privileged to consider the defendant's legal obligation to an invitee upon its premises. That there was substantial evidence to support the verdict in this case is apparent from the foregoing recital of the record, when viewed in the light most favorable to plaintiff and without regard for any asserted contradictions

in the proof, as the rule requires the court to do in determining the propriety of a judgment *non obstante veredicto*.

Clearly tendered by the pleadings in this case and the basis of plaintiff's charge of negligence against defendant was the issue as to the dangerous and defective condition of the stairs leading to the restaurant on the balcony. Bearing upon this question at the trial was the following evidence: the testimony of plaintiff and her companion as to the general physical aspect of the stairway and their use of it at the time of the accident; the pictures and diagram showing the dimensional facts with respect to the steps and the surrounding premises, and revealing that the edge of the ceiling was on the same line or plane as the inside edge of each of the wall rails located on the lower half of the stairway; and the statement of the architect (on cross-examination) that *good architectural practice* would require a full-length projecting handrail on each side of the stairway. From these evidentiary factors the jury might reasonably have inferred that the plaintiff, in ascending the steps in the manner presumably contemplated by the defendant, was injured by reason of an unsafe condition associated with the stairway, such as the *absence* of a continuous projecting handrail along the entire length of each side of the staircase to keep a patron's body clear of the wall rails and edge of the ceiling, or the *presence* of the wall rails on the lower portion of the stairway inviting a customer to assume a position close to the side of the stairs in allowing others to pass thereon and thus be apt to strike the border of the ceiling in progressing on the way to the restaurant. Or the jury might have concluded that the defendant in the exercise of reasonable care to eliminate the danger of injury as described herein, should have walled in each side of the lower half of the stairway as was done on the upper part thereof. It is true that the architect stated (on direct examination) that the stairway was "scientifically constructed" in the generally approved manner and (on redirect examination) that his recommendation with respect to the desirability of the full-length projecting handrail related to "good architectural practice" in the sense of aesthetic considerations of beauty and continuity of line rather that in deference to safety principles. But the jury was privileged to reject this testimony as inconsistent with the positive statement elicited in the course of cross-examination of this witness and reasonably referable without qualification to the safety

features of the premises whereon plaintiff claimed to have suffered injuries, that in the given circumstances he would "recommend that a rail projecting from the side of the well be carried the full length of the stairway . . . on the basis of good architectural practice." ▮ Expert testimony is to be given the weight to which it appears in each case to be justly entitled, and the law makes no distinction between that kind of testimony and evidence of other character. The province of such opinion testimony is only to aid in coming to a conclusion, and it does not exclude consideration of other evidence which is pertinent to the issue involved. (10 Cal. Jur. 971, sec. 228; 974, sec. 232; *State Compensation Ins. Fund* v. *Industrial Accident Commission,* 195 Cal. 174 [231 Pac. 996]; *Treadwell* v. *Nickel,* 194 Cal. 243 [228 Pac. 25]; *Rolland* v. *Porterfield,* 183 Cal. 466 [191 Pac. 913].) This principle is particularly applicable in the present case when it is remembered that the jury made an inspection of the defendant's premises and observed the pitch or grade of the stairway in relation to the edge of the ceiling bordering the stairwell, the wall rails and handrails in their respective positions, and the probability or likelihood of one striking his head in the fashion above described when ascending the steps in an ordinary manner. ▮ The knowledge acquired by this visit to the scene of the accident, supplementing the information embodied in the above-mentioned exhibits relative to the dimensional facts as to the construction of the stairway, was independent evidence in the case, and undoubtedly it had much to do with the jury's determination of this issue in accord with the plaintiff's claim. (24 Cal. Jur. 752, sec. 34; *Ethel D. Co.* v. *Industrial Acc. Com.,* 219 Cal. 699, 704 [28 Pac. (2d) 919]; *MacPherson* v. *West Coast Transit Co.,* 94 Cal. App. 463, 466 [271 Pac. 509]; *Vaughan* v. *County of Tulare,* 56 Cal. App. 261, 265 [205 Pac. 21].) ▮ Whether the stairway as maintained by the defendant was unsafe and dangerous for the use for which it was intended and to which it was put was a question peculiarly proper for submission to the arbitrament of the jury. (*Oles* v. *Kahn Bros.,* 81 Cal. App. 76, 83 [253 Pac. 158]; *Long* v. *John Breuner Co.,* 36 Cal. App. 630, 634 [172 Pac. 1132].)

▮ Following its finding that the premises were dangerous and unsafe in the respect alleged by plaintiff, the jury was required to determine whether the defendant was chargeable with knowledge of this condition. Although there was no

evidence that defendant had actual notice of the defective character of the stairway, the undisputed fact that the construction of the stairs and the relation of the balcony thereto had remained unchanged during the ten-year period of defendant's tenancy was sufficient to constitute constructive notice to defendant of the condition found to exist by the jury. (*Papineau* v. *Distributors Packing Co.*, 10 Cal. App. (2d) 558 [52 Pac. (2d) 571] ; *Boothby* v. *Town of Yreka City*, 117 Cal. App. 643 [4 Pac. (2d) 589] ; Note 25 A. L. R. 1295.)

The testimony of the architect that the stairway was constructed in conformity with generally approved standards and usual building plans for that type of structure would not serve to absolve defendant from the charge of negligence. The general practice or custom would not exonerate defendant unless such practice or custom was consistent with due care. (19 Cal. Jur. 581, sec. 25; *Mehollin* v. *Ysuchiyama*, 11 Cal. (2d) 53, 57 [77 Pac. (2d) 855] ; *Robinet* v. *Hawks*, 200 Cal. 265, 274 [252 Pac. 1045] ; *Perry* v. *Angelus Hospital Assn.*, 172 Cal. 311, 315 [156 Pac. 449].) Nor did the showing that defendant had no knowledge of any like accident having previously occurred on the stairway repel the suggestion of negligence and preclude inquiry as to whether it had performed its legal duty to maintain the premises in a reasonably safe condition for the use of its patrons. This circumstance does not negative the possibility that many another person in ascending the stairs to the restaurant may have struck his head against the ceiling as plaintiff claimed she did, but because of slight injury and only temporary pain, no complaint was made. Furthermore, if this absence of report of prior mishaps had the effect urged by defendant, it would furnish a perfect defense, however dangerous and unsafe the stairway might appear to be, as shown by other evidence. (*Sander* v. *Los Angeles Ry. Corp.*, 38 Cal. App. 222, 230 [175 Pac. 901].)

The next question to be considered is whether plaintiff was as a matter of law guilty of contributory negligence. In this regard defendant relies on the rule that where one knows a condition to be dangerous and is injured because of failure to take heed thereof, such conduct will bar a recovery. But even though the evidence did establish that the alleged defect in the construction of defendant's premises was patent and observable to any one using the stairway, and that in

addition plaintiff by reason of her past visits to the restaurant was familiar with the existing condition, there would still be the question for the determination of the jury as to whether or not it was a want of ordinary care on the part of plaintiff not to have kept in mind such element of danger when stepping toward the wall rail to allow other persons descending the stairs to pass. (*Meindersee* v. *Meyers,* 188 Cal. 498, 503 [205 Pac. 1078]; *Oles* v. *Kahn Bros.,* 81 Cal. App. 76, 82 [253 Pac. 158]; *Hayward* v. *Downer,* 65 Cal. App. 450, 451 [224 Pac. 265].) Even forgetfulness of a known danger will not operate to prevent a recovery, for to forget is not negligence unless it shows a want of ordinary care. Generally the question is one for the jury (*Gibson* v. *County of Mendocino,* 16 Cal. (2d) 80, 89 [105 Pac. (2d) 105]; *Smith* v. *Southern Pacific Co.,* 201 Cal. 57, 69-70 [255 Pac. 500]; *Meindersee* v. *Myers,* 188 Cal. 498, 503 [205 Pac. 1078]; *Roseberry* v. *Edward F. Niehaus & Co.,* 166 Cal. 481, 483 [137 Pac. 232]; *McStay* v. *Citizens Nat. T. & S. Bank,* 5 Cal. App. (2d) 595, 600 [43 Pac. (2d) 560]; *Rosella* v. *Paxinos,* 110 Cal. App. 299, 302 [294 Pac. 39]), and the record in the present case demonstrates that it comes well within this settled principle. Plaintiff's act in stepping toward the left wall rail to permit several persons approaching her from the opposite direction to pass diverted her from her normal course of progress up the stairs, which line of travel had been five or six inches distant from this mentioned banister. In so doing her attention was distracted by her effort to avoid collision with these other people, and she momentarily did not observe or remember the dangerous condition incident to the proximity of the edge of the ceiling bordering the stairwell. Whether plaintiff's action was reasonable and prudent under the circumstances was for the jury to decide as an issue of fact. (*Smith* v. *Southern Pacific Co., supra,* and cases there cited at pp. 69-70.) As was said in *McStay* v. *Citizens Nat. T. & S. Bank, supra,* at p. 600: "Where different conclusions may be reasonably drawn by different minds from the same evidence, the decision must be left to the jury."

Defendant's further contention on this phase of the case, that the accident would not have happened if plaintiff had not protruded her head beyond the space occupied by the stairwell and proceeded up the stairs in that position without looking, is purely argumentative and has no evidentiary foundation in the record. Plaintiff testified that she was posi-

tive that she was not leaning over to the left, but was standing erect when she "stepped up and over to her left and then struck her head." Her version of the accident does not appear to be inconsistent with the admitted physical facts relative to the construction of the stairway, and it was for the jury to determine from the evidence before it whether it could reasonably be said that the natural sway of plaintiff's body as her weight shifted in so moving on the stairs was sufficient to bring her in line to strike her head on the edge of the ceiling bordering the stairwell. (*Neilson* v. *Houle*, 200 Cal. 726, 728 [254 Pac. 891]; *Parker* v. *Manchester Hotel Co.*, 29 Cal. App. (2d) 446, 456 [85 Pac. (2d) 152].)

Tested by the foregoing considerations, it is manifest that the jury, as the basis of its verdict in favor of plaintiff, was warranted in concluding that defendant, by reason of its maintenance of the stairway in the condition above described, breached its legal duty to plaintiff to keep its premises reasonably safe, and that such negligence was the proximate cause of plaintiff's injuries. Accordingly, the judgment is reversed and the trial court is hereby directed to enter judgment in favor of the plaintiff for the sum of $1,500 pursuant to the verdict of the jury rendered in this action.

Shenk, J., Houser, J., and Carter, J., concurred.

TRAYNOR, J., dissenting.—I dissent.

To recover damages for negligence the plaintiff must establish that her injuries were caused by the breach of a duty owed to her by defendant. The occupant of premises open to business visitors is not an insurer of a visitor's safety and need not eliminate every condition that might conceivably cause injury. He is liable only for injuries caused by conditions, of which he knows or should know, that constitute an unreasonable risk to visitors, when he fails to give them adequate warning. (Rest. Torts, sec. 343; Prosser, Torts, sec. 79, p. 642; 19 Cal. Jur. 618, 622; 8 Cal. Jur. Supp. 349, 350, 353, 354, 1011-1012.)

In the present case there is not sufficient evidence to support a finding that the condition of the stairs subjected visitors to an unreasonable risk. According to the testimony of the architect, the stairs were scientifically constructed in the generally approved manner. While he recommended that

a hand rail projecting from the side of the well be carried the full length of the stairway, he made it clear that this was desirable merely to form a continuous line and not to prevent people from bumping their heads in walking up the stairs. His statement affords no basis for concluding that the stairway subjected visitors to unreasonable risk. The fact that the jury viewed the premises is not sufficient to support a finding of negligence, particularly since the parties stipulated that what was viewed by the jury is presented in the exhibits. These exhibits picture a normal, unobstructed stairway, and contain no evidence of unreasonable risk to visitors.

If there is a defective condition in the premises the occupant may discharge his duty to business visitors by giving them adequate warning. (Rest. Torts, sec. 343; see cases cited in Calif. Annotations to Rest. Torts, sec. 343; Prosser, Torts, sec. 19, p. 642; 19 Cal. Jur. 618, 619; 8 Cal. Jur. Supp. 349, 353, 354, 1011-1017.) If the danger is so apparent that the visitor can reasonably be expected to notice it and protect himself, the condition itself constitutes adequate warning, and the possessor is under no obligation to take further action. (*Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 Pac. 793]; *Mautino* v. *Sutter Hospital Co.*, 211 Cal. 556 [296 Pac. 76]; *Blodgett* v. *B. H. Dyas Co.*, 4 Cal. (2d) 511 [50 Pac. (2d) 801]; *Dingman* v. *A. F. Mattock Co.*, 15 Cal. (2d) 622 [104 Pac. (2d) 26]; see cases cited in 8 Cal. Jur. Supp. 351, note 4, p. 1012, note 4; Prosser, Torts, sec. 79, p. 642.) "There is no liability for injuries from the dangers that are obvious, or as well known to the person injured as to the owner or occupant." (*Mautino* v. *Sutter Hospital Assn., supra,* at p. 561.) As stated in *Shanley* v. *American Olive Co., supra,* at p. 555: "The responsibility of such owner for the safety of such person is not absolute; he is only required to use ordinary care for the safety of the persons he invites to come upon the premises. If there is a danger attending upon such entry, or upon the work which the person invited is to do thereon, and such danger arises from causes or conditions not readily apparent to the eye, it is the duty of the owner to give such person reasonable notice or warning of such danger. But such owner is entitled to assume that such invitee will perceive that which would be obvious to him upon the ordinary use of his own senses. He is not required to give to the invitee notice or warning of an obvious danger."

In the present case the evidence presented to the jury establishes without question that the condition of the stairway was apparent to any person using it and was as well known to the plaintiff as to the defendant. There is no evidence indicating that plaintiff did not have adequate notice of the condition of the stairway, and there is therefore no basis for concluding that defendant violated any duty owed to plaintiff. The judgment of the trial court should be affirmed.

Gibson, C. J., and Edmonds, J., concurred.

Respondent's petition for a rehearing was denied March 30, 1942. Gibson, C. J., Edmonds, J., and Traynor, J., voted for a rehearing.