[Civ. No. 12896. First Dist., Div. One. Dec. 11, 1945.]

ALLEN W. NOBLE, Appellant, v. KERTZ AND SONS FEED AND FUEL CO. et al., Respondents.

Campbell, Hayes & Custer for Appellant.

Emmett R. Burns for Respondents.

PETERS, P. J.—On June 18, 1943, at about 5 p. m., plaintiff was driving his automobile on Garden Avenue, East Palo Alto, outside the city limits. Garden Avenue has an oil and gravel surface and is eighteen to twenty feet wide. There are no sidewalks. Within two and one-half or three feet of one of the edges of the highway at the place of the accident there is a solid hedge six to nine feet high, about one hundred and thirty-five feet long. The truck of defendant Kertz, then being operated by his employee and defendant Moberty, came from a private driveway leading through the hedge into Garden Avenue, and the two vehicles collided. Plaintiff brought this action against Moberty and Kertz for the damage to the car he was driving and for certain personal injuries alleged to have been received by him in the accident. Moberty and Kertz cross-complained, Kertz for the damage to his truck, and Moberty for his claimed injuries. The case was tried before the court without a jury and resulted in a judgment that plaintiff and cross-complainants take nothing by their respective actions, it being the conclusion of the court that both plaintiff and Moberty were guilty of negligence. From this judgment plaintiff appeals.

The evidence is conflicting as to the speed of the truck and as to whether Moberty stopped before proceeding into Garden Avenue. The evidence is also conflicting as to the conduct of the plaintiff. He testified that he was proceeding along Garden Avenue at a speed of twenty-five miles per hour; that he saw the truck emerging from behind the hedge

when he was twenty-five to thirty feet from the driveway; that he applied the brakes and swerved to the left in an attempt to avoid the truck; that his brakes locked and the car skidded on the loose gravel. The plaintiff's car left visible skid marks on the highway for forty-two to forty-five feet. The speed of plaintiff's car was only slightly reduced when the two vehicles collided. The force of the impact turned the truck around, and both vehicles were damaged.

The evidence is in such a state that, independent of the speed limits fixed by section 511 of the Vehicle Code, the trial court could have found that the accident was proximately caused by the negligence of the plaintiff, or by the negligence of the defendant, or that each was negligent. It was the theory of the trial court that both plaintiff and Moberty were negligent, and it is on this theory that judgment was entered denying plaintiff any recovery. Had the trial court made proper findings on this theory there can be no doubt but that such findings would find support in the record. The difficulty is that the actual findings are not based on the evidence introduced at the trial but upon what the trial court observed in a personal inspection of the area involved, which inspection was made without the presence or consent of the parties. Moreover, the findings based on such observations are directly contrary to the evidence introduced at the trial.

At the trial one of the issues involved was the nature of the district where the accident occurred. The trial judge, quite properly, asked counsel what the speed limit was at the scene of the accident. Counsel for defendants stated that the "basic speed law would control there." He at no time contended that the district was a residential district but did contend that plaintiff was contributively negligent in driving even twenty-five miles per hour in that area under section 510 of the Vehicle Code which provides that "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due rgeard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property." During this discussion the counsel for defendant suggested that the trial judge might like to see for himself the conditions existing at the place of the accident, and the trial judge replied that he intended to go out and look at the scene. Thereafter, the plaintiff introduced evidence, which is not contradicted, that the area at the scene of the accident is

not a residential district as defined in section 90 of the Vehicle Code. That section defines such a district as one where, within a quarter of a mile, there are at least thirteen buildings on one side of the highway or sixteen on both sides. Section 90.1 provides that in making such computations no building shall be counted unless its front is within seventy-five feet of the highway. The evidence introduced by plaintiff shows that in the area in question there are not sufficient buildings to make the district a residential one, and that some of the buildings are back from the roadway more than seventy-five feet. No evidence at all was introduced by the defendant on this issue. In denying defendant's motion for a nonsuit the trial judge again stated that he would like to go up and see the road.

At the conclusion of the evidence the trial court took the case under submission, and thereafter filed an opinion. This opinion has been properly made part of the clerk's transcript on this appeal. (Rule 5, Rules on Appeal.) In the opinion it is stated:

"An inspection of the scene of the accident clearly shows that the place is a residential district as defined by Section 90 of the Vehicle Code. If it were not for shrubs, hedges and trees in front of the houses it would be a typical city residential block with the exception that there are no sidewalks. It is a very dangerous street because of the close proximity of the houses to the street and because of high hedges, trees and shrubs. Under the circumstances it was the duty of plaintiff to obey the speed limit as set forth in Section 511 of the Vehicle Code and even a speed of twenty-five miles per hour is too fast, in my opinion, for a street such as described.

"From all of the facts as borne out by the evidence introduced at the trial and the skid-marks on the street I am of the opinion that plaintiff was traveling faster than 25 miles per hour."

Findings were thereafter filed. Finding number 3 is as follows: "The court finds that the place where the accident occurred is a residential district, as defined by section 90 of the Vehicle Code. . . . The court further finds that because of the circumstances heretofore mentioned the plaintiff was under duty to obey the speed limit as set forth in section 511 of the Vehicle Code of California, which he failed to do, and from the evidence before the court said speed was too fast to operate an automobile in this particular vicinity. . . ."

Thereafter plaintiff moved for a new trial and in support thereof filed his own affidavit and that of his attorney in which it is averred that the trial judge visited the scene of the accident after the case was submitted and there made certain observations, which he at no time communicated to the parties or to their counsel, and based his findings thereon. It is further averred that, since the trial, plaintiff and his counsel by personal observation have determined that the area in question is not within a residential district. It is charged that the action of the trial judge constituted an irregularity that deprived plaintiff of a fair trial and amounted to taking evidence out of court in the absence of the parties or their counsel.

A reading of the findings discloses that the trial court found, as a fact, that the district involved was a residential district, and that the speed limit was there not more than twenty-five miles per hour.

The permissible speeds at which vehicles lawfully may travel in various areas are fixed by sections 510 and 511 of the Vehicle Code. Section 510, already quoted, contains the basic speed limit, namely, no speed greater than is reasonable and prudent. Section 511 provides that ''The speed of any vehicle . . . not in excess of the limits specified in this section . . . is lawful unless clearly proved to be in violation of the basic rule declared in Section 510,'' but that a speed in excess of the limits fixed by section 511 is prima facie unlawful. The section then fixes twenty-five miles per hour as the permissible speed in a residence zone, and, with certain exceptions not here involved, fifty-five miles per hour in all other areas. It will be noted that the trial judge both in his opinion and in his findings based his finding of negligence on a claimed violation of section 511 and not on a violation of section 510.

It is also apparent that the conclusion that plaintiff was contributively negligent was largely, if not entirely, based on this finding. It is also quite apparent that, so far as the evidence introduced at the trial is concerned, such evidence not only fails to support that finding, but is contrary to the evidence. The only evidence introduced on the issue was that there were not a sufficient number of buildings in the area to make the district residential in character within the meaning of section 90 of the Vehicle Code. Moreover, there was no evidence at all that the district was signposted as required by section 758 of the Vehicle Code. That section provides in

part that "Every highway shall be conclusively presumed to be outside of a business or residence district unless such district is duly signposted when and as required by this code." The area must both be posted and have the required number of buildings to be a residential district. (*McGough* v. *Hendrickson,* 58 Cal.App.2d 60 [136 P.2d 110].) Moreover, when the nature of the district is in dispute the question becomes one of fact and is not one for judicial notice. (*McGough* v. *Hendrickson, supra; Hill* v. *County of Fresno,* 140 Cal.App. 272 [35 P.2d 593]; see cases collected 2 Cal.Jur.Supp. p. 274, § 182.)

If we look only at the findings it necessarily follows that it must be held that the basic finding under discussion is contrary to the evidence. If we are entitled to consider the opinion of the trial court, and we are inclined to the view that it may be considered for the purpose of understanding the findings (*Union Sugar Co.* v. *Hollister Estate Co.,* 3 Cal.2d 740 [47 P.2d 273]), then it is clear that the challenged finding is based not on the evidence introduced at the time of trial but on what the trial judge saw when he visited the scene without the parties or their counsel, and without an agreement that such an inspection could be made. The affidavits without contradiction aver that this inspection was made after submission of the case. Thus we are directly presented with the question as to whether, in a case not properly the subject of judicial notice, a trial judge may lawfully base his findings on what he observes during an inspection of the *locus in quo,* where such inspection is made without the presence of the parties or their counsel or without their consent to such inspection, and where the uncontradicted evidence in the record is contrary to the finding based on such observation. To this question there can be but one answer. To sanction such a rule would be to permit a trial judge to take evidence outside of court, without the parties or their counsel being present, and would effectively deprive a litigant of his constitutional right of an appeal. Such a rule would amount to a denial of due process, and certainly would deny to a litigant the fair and impartial trial to which he is entitled.

Strangely enough there does not appear to be a California case directly in point. In other jurisdictions there is a wealth of authority that while a trial judge trying a case without a jury may inspect the *locus in quo* for the purpose of understanding the evidence introduced, such view is not independent evidence, and findings may not be based on the result of such

personal investigation, at least where the parties have not consented to or participated in such view. (See many cases collected and commented upon in an annotation entitled: "Right of judge trying case without jury to base findings on result of personal observations" in 97 A.L.R. 335; in addition, see, *Provo River Water Users' Assn.* v. *Carlson,* 103 Utah 93 [133 P.2d 777]; *Union Nat. Bank of Pittsburgh* v. *Crump,* 349 Pa. 339 [37 A.2d 733]; *Owings* v. *Talbott,* 262 Ky. 550 [90 S.W.2d 723]; *Carter* v. *Parsons,* 136 Neb. 515 [286 N.W. 696]; *Rietzel* v. *Cary,* 66 R.I. 418 [19 A.2d 760]; *Kovacs* v. *Szentes,* 130 Conn. 229 [33 A.2d 124]; *Conner* v. *Parker* (Tex.Civ.App.), 181 S.W.2d 873.)

Some of the cases from other jurisdictions commented on in the above annotation go so far as to hold that even where the parties consent to the view, such view is not independent evidence and findings cannot be supported by the results of such view. This was the position taken in some of the early California cases. (*Stanford* v. *Felt,* 71 Cal. 249 [16 P. 900]; *Wright* v. *Carpenter,* 50 Cal. 556.) ▮ The more recent California cases, however, clearly establish two principles: First, that, with or without consent, the trial judge may view the *locus in quo* for the purpose of understanding the evidence introduced; and, second, that where the view is with consent, what is then seen is itself evidence and may be used alone or with other evidence to support the findings. (*Hatton* v. *Gregg,* 4 Cal.App. 537 [88 P. 592]; *Vaughan* v. *County of Tulare,* 56 Cal.App. 261 [205 P. 21]; *Preston* v. *Culbertson,* 58 Cal. 198; *MacPherson* v. *West Coast Transit Co.,* 94 Cal.App. 463 [271 P. 509]; *Wade* v. *Thorsen,* 5 Cal.App.2d 706 [43 P.2d 592]; *Brugger* v. *Lee Yim,* 12 Cal.App.2d 38 [55 P.2d 564]; *Peckwith* v. *Lavezzola,* 50 Cal.App.2d 211 [122 P.2d 678]; *Otey* v. *Carmel Sanitary Dist.,* 219 Cal. 310 [26 P.2d 308]; *Ethel D. Co.* v. *Industrial Acc. Com.,* 219 Cal. 699 [28 P.2d 919]; *Gibson Properties Co.* v. *City of Oakland,* 12 Cal.2d 291 [83 P.2d 942]; *Neel* v. *Mannings, Inc.,* 19 Cal.2d 647 [122 P.2d 576]; *Gastine* v. *Ewing,* 65 Cal.App.2d 131 [150 P.2d 266]; *Gularte* v. *Martins,* 65 Cal.App.2d 817 [151 P.2d 570]; *Wood* v. *Davidson,* 62 Cal.App.2d 885 [145 P.2d 659].) There are a few cases where consent or lack of consent does not appear on the face of the opinion and where the view was held to be independent evidence, but most of those cases involved situations where other evidence on the issue appeared in the record. In none of them, so far as our research has disclosed, was it held

that a view without consent constitutes independent evidence. (See, for example, *Cutting* v. *Vaughn*, 182 Cal. 151 [187 P. 19] ; *Wright* v. *Locomobile Co. of America*, 33 Cal.App. 694 [167 P. 407] ; *Gray* v. *Magee*, 133 Cal.App. 653 [24 P.2d 948] ; *Pohl* v. *Anderson*, 13 Cal.App.2d 241 [56 P.2d 992] ; *Mitchell* v. *City of Santa Barbara*, 48 Cal.App.2d 568 [120 P.2d 131] ; *Cornell* v. *Hearst Sunical etc. Corp.*, 55 Cal.App.2d 708 [131 P.2d 404].)

█ On principle, there can be little doubt that a view without consent cannot be considered independent evidence on a controverted issue so as to support alone a finding otherwise not supported by other evidence, and, in fact, contrary to the evidence introduced. To hold otherwise would permit the trial judge to base his findings on what he observed without giving the parties the opportunity to explain or to supplement such observations, or to cross-examine the witness. █ The two statements of the trial judge in the present case that he intended to visit the premises, and the failure of the plaintiff's counsel to object, cannot, under the circumstances disclosed by the record, be construed as constituting an express or implied stipulation that the trial judge could visit the premises for the purpose of taking evidence. Obviously, no express stipulation to that effect was entered into, and counsel for defendants do not so contend. Under the circumstances shown by the record it cannot be held that there was an implied stipulation to that effect. Counsel may well have assumed that either they would be notified of the time of the visit, or that the visit was to be for the purpose of understanding the evidence introduced.

Nothing here said is intended to limit the trial court's power of inspection where he is empowered to take judicial notice of the facts. That is not this case, and the finding does not pretend to be based on such notice, but on the inspection.

From what has been stated it is quite clear that the finding that plaintiff was contributively negligent, being based on what the trial court observed, and being in part contrary to the evidence, does not support the judgment.

The judgment appealed from is reversed.

Ward, J., and Ogden, J. pro tem., concurred.